(C. D. 795)

MARKS & ROSENFELD, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided July 14, 1943)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

OLIVER, Presiding Judge: The merchandise at bar consists of branched glass candlesticks exported from Czechoslovakia and entered at the port of New York. The articles, designed to hold two candles, are made of highly polished glass, U-shaped, and measuring about 5½ inches in height and about 7 inches overall in width. Each candle socket has a raised shoulder designed to hold in place a fluted edge glass wax-catching saucer called a bobeche which was included as part of each article. At regular points around the said bobeche, holes have been pierced along the outer edge. Wires have been inserted through these holes from which have been suspended six faceted crystal stones about ⅝ inch in diameter. From these stones in turn are hung cut or faceted pendants about 1¾ inches long. These stones and pendants are designed, according to the record, "to add an effect which you get by the *refraction or reflection of the light* from the candle." [Italics supplied.] These articles were entered subsequent to April 16, 1938, the effective date of the trade agreement with Czechoslovakia (T. D. 49458). They were invoiced as "candlestick with drops" (R. 5).

They were classified for duty at 50 per centum ad valorem under the blanket provision of paragraph 218(f), as modified by the said trade agreement, as "Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise * * *." They are claimed by the plaintiff to be properly dutiable at only 40 per centum ad valorem under paragraph 218(c) of the Tariff Act of 1930, as modified by the said trade agreement, which provides for:

Illuminating articles of every description, * * * wholly or in chief value of glass, for use in connection with artificial illumination:

     *       *       * ·       *       *       *       *

Wall brackets, candelabras, and candlesticks, all the foregoing   30% ad val.
    designed for electrical illumination.
Others_____ 40% ad val.

It is the contention of the importer herein that the word "Others" in the trade agreement includes glass candlesticks which are not designed for electrical illumination. The Government, in support of the collector's classification, contends that the word "Others" in the trade agreement refers to illuminating articles and that the glass candlesticks at bar are not illuminating articles. Counsel for the defendant also alleges the record does not establish that they are chiefly used for illuminating purposes and that they are, in reality, chiefly used for ornamental or decorative purposes, it being pointed out that their use for illuminating purposes is an incidental or fugitive use. For reasons which appear hereinafter, we are of opinion that the question of chief use is not controlling.

The first question before us is whether the glass candlesticks at bar, designed to be, and actually used with bobeches, are "illuminating articles" and therefore properly dutiable as such under the provisions of paragraph 218 (c) of the Tariff Act of 1930, as modified by the trade agreement with Czechoslovakia (T. D. 49458). The "illuminating articles" provision appeared for the first time in paragraph 218 of the Tariff Act of 1922, and reads, insofar as pertinent, as follows:

* * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination * * *.

The corresponding paragraph in the Tariff Act of 1930 (paragraph 218 (c)) reads as follows:

(c) Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination: Prisms, *glass chandeliers, and articles in chief value of prisms* * * * chimneys * * * globes and shades * * * all others * * *. [Words in italics new in 1930 Tariff Act.]

Paragraph 218 (c) of the Tariff Act of 1930 was modified by the trade agreement with Czechoslovakia (T. D. 49458) as follows:

| Tariff Act of 1930, paragraph | Description of articles | Rate of duty |
|---|---|---|
| 218 (c) | Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination: | |
| | Prisms, glass chandeliers, and articles in chief value of prisms_____ | 30% ad val. |
| | Chimneys_____ | 30% ad val. |
| | Globes and shades_____ | 45% ad val. |
| | *Wall brackets, candelabras, and candlesticks, all the foregoing designed for electrical illumination.* | 30% ad val. |
| | Others_____ | 40% ad val. |
| | (Words in italics new in trade agreement.) | |

The question of glass candlesticks was before this court in *Baltimore & Ohio R. R. Co.* v. *United States* (Abstract 44084). This case was decided under the Tariff Act of 1930. The court there held glass candlesticks, not designed for electrical illumination, to be properly dutiable as illuminating articles at 40 per centum ad valorem under paragraph 218 (c) of the Tariff Act of 1930, as amended by the Czechoslovakian Trade Agreement. The record in that case was on motion incorporated in and made a part of the record in the case at bar.

The question of classification of glass candlesticks was also before our court in *Bloch & Co.* v. *United States*, 46 Treas. Dec. 200, T. D. 40393 (G. A. 8852), where the question arose under paragraph 218 of the Tariff Act of 1922. The court there held the candlesticks not to be illuminating articles, saying in part (page 203):

\* \* \*. A glass article to hold a light is not an illuminating article in the sense of diffusing, shading, lessening, or increasing light, which we think is the intention of the illuminating articles specified in paragraph 218.

The above case was appealed to the Court of Customs Appeals where the decision of the Board of General Appraisers was affirmed. (*United States* v. *Bloch & Co.*, 13 Ct. Cust. Appls. 5, T. D. 40847.) The court therein said (page 6):

\* \* \* we note that there is no evidence tending to show that these candlesticks are generally or chiefly used to hold candles for illuminating purposes; that it tends to show that although they are sometimes used to hold lighted candles for decorative or ornamental illuminating purposes, they are seldom, if ever, used for the purpose of holding candles that are employed to furnish light for useful or practical purposes; and that their chief use is for decorative purposes of such a nature that require them to be empty or to hold unlighted candles, real or imitation, often decorated.

The Government on the above appeal had argued that the paragraph there under consideration (paragraph 218) covered all glass articles that were in fact used in any way in artificial illumination, whether they were generally or chiefly so used, or whether such use was substantial and for purposes of practical illumination. In commenting upon this, the court said (page 7):

We find ourselves unable to agree with this contention and are of opinion that to bring an article within subdivision (a) it must, at least, appear that it is commonly and chiefly used in connection with artificial illumination. Whether, if chiefly used in producing a decorative illumination, an article might not be within the subdivision (a), we do not wish to determine on this record, and although we incline to the view expressed by the board that a glass candlestick used to hold a candle intended for practical lighting purposes would not be an illuminating article within subdivision (a), we also reserve decision on that question.

It thus appears that while the appellate court sustained the finding of the court below holding glass candlesticks not to be illuminating articles as described in paragraph 218 of the Tariff Act of 1922, it specifically refused to pass directly upon the question of whether an article "if chiefly used in producing a decorative illumination" was an illuminating article. In like manner the appellate court refused to pass directly upon the question of whether or not "a glass candlestick used to hold a candle intended for practical lighting purposes" would be an illuminating article as described in paragraph 218 of the 1922 act.

The meaning of the term "illuminating articles" in the 1922 act was clarified somewhat by the decision of our appellate court in *Solomon & Son* v. *United States*, 13 Ct. Cust. Appls. 353, T. D. 41256, which had under consideration the same paragraph 218 of the 1922 act. The merchandise before the court was colored, faceted stones used in automobile lamps. There the court said (page 356):

* * *. It is within the knowledge of every observing person that the most elaborate arrangements of various kinds and colors of glass are used in artificial illumination. Chimneys, globes, and shades of various designs, shapes, and colors are used, often in connection with prisms, for artistic and beautiful lighting effects—not for the sole purpose of artificial illumination, but also for artistic and ornamental illumination. To secure the many desired effects, rays of light may be reflected, refracted, or dispersed. It seems unnecessary to discuss this proposition to any great length. It is perfectly obvious from the language of the provisions that it was intended by Congress to include within the scope of the paragraph all illuminating articles used in connection with artificial illumination whether decorative or merely practical. The articles mentioned in the paragraph are not such as generate light; they but disperse the rays of light to give the desired illuminating effect. Therefore they are for use in *connection with* artificial illumination. [Italics quoted.]

The court added (page 357):

* * *. We do not believe that the character, degree, or extent of illumination furnished by an article is a proper test under the statute, if it is chiefly used

in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light *for either practical or ornamental illuminating purposes.* [Italics supplied.]

And further (page 359):

If the articles in question come within the general provision for "imitation precious stones, cut or faceted," which is not limited as to use, and also within the provision for "illuminating articles of every description," which is specially limited to a particular use, the designation according to a specific use must prevail over the general description without limitation as to use.

We would consider the decision of this court and of the Court of Customs Appeals in the *Bloch* case, *supra*, as controlling except that the wording of paragraph 218 (c) in the Tariff Act of 1930 and the wording in the Czechoslovakian Trade Agreement (T. D. 49458) indicate an intent on the part of the Congress and the negotiators of the trade agreement different from that expressed by our courts in the *Bloch* case, *supra*. Paragraph 218 of the 1922 act, which was before the court in the *Bloch* case, *supra*, provided for "* * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination * * *." Paragraph 218 (c) of the 1930 act added "glass chandeliers, and articles in chief value of prisms." Section 218 (c), as modified by the Czechoslovakian Trade Agreement, added:

Wall brackets, candelabras, and candlesticks, all the foregoing designed for electrical illumination. 30% ad val.

Others_____ 40% ad val.

It is obvious from the above comparison of the tariff acts and the trade agreement that at the time of the passage of the 1930 act, Congress considered glass chandeliers to be illuminating articles, making no distinction as to whether said chandeliers were for use with candles, oil lamps, gas burners, or electric-light bulbs. The negotiators of the Czechoslovakian Trade Agreement at the time of its effective date (1938) added, in addition to glass chandeliers, "Wall brackets, candelabras, and candlesticks, all the foregoing designed for electrical illumination" at one rate of duty, and added the blanket provision "Others" at a different rate of duty. It is inconceivable that the negotiators of the said trade agreement should consider glass candelabras and glass candlesticks as "Illuminating articles * * * for use in connection with artificial illumination," and should consider the same articles, if used with candles, to be not subject to such designation. In other words, a glass candlestick wired for electricity and designed to take an artificial candle would be subject to classification different from the same identical article designed for use with a candle. Both are used in connection with artificial illumination, both have the same decorative possibilities, and both would be lighted at times and used for purely decorative purposes at other times. The

same situations apply to candelabra, which is defined as "A candlestick or lamp-stand having several branches; a stand supporting several lamps." (Funk & Wagnalls New Standard Dictionary, 1942.) In fact, the article here under consideration, being a candlestick having two branches, might well be called a candelabra.

It is argued in support of the collector's classification that the word "Others" appearing in the above trade agreement refers back to "Illuminating articles" and not to "Wall brackets, candelabras, and candlesticks" in the sentence immediately preceding it in the trade agreement. Whether or not counsel for the Government is correct, it is our opinion that the entire paragraph 218 (c), as set forth in the trade agreement, insofar as it affects the specific question now before us, means that wall brackets, candelabras, and glass candlesticks are illuminating articles and if "designed for electrical illumination" they would be subject to a duty of 30 per centum ad valorem. We are also of the opinion that even though they are not designed for electrical illumination, they are still illuminating articles and should therefore be dutiable as claimed at 40 per centum ad valorem.

Our conclusion that the glass candlesticks and bobeches at bar are illuminating articles is further supported by the record which establishes that the bobeches with which these candlesticks were fitted "add an effect which you get by the refraction or reflection of the light from the candle." (R. p. 11.) Similar glass bobeches when imported separately have been held to be properly dutiable as illuminating articles for use in connection with artificial illumination. (*United States* v. *Wyle & Bros.*, 14 Ct. Cust. Appls. 297, T. D. 41910.)

For the reasons set forth herein the protest is sustained and the imported glass candlesticks are held properly dutiable at 40 per centum ad valorem under paragraph 218 (c) of the Tariff Act of 1930, as modified by the trade agreement with Czechoslovakia, T. D. 49458.

To the extent indicated the protest is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be rendered accordingly.