BEFORE THE FIRST DIVISION, JANUARY 26, 1944

**No. 49156.**—Protests 970882–G, etc., of Elite Import Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise in question is similar to that the subject of Abstract 48951. In accordance therewith the articles were held dutiable at 60 percent as claimed.

**No. 49157.**—Protests 8905–K, etc, of Marks & Rosenfeld, Inc., et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the articles in question consist of glass candlesticks not designed for electrical illumination, and that they are similar in all material respects to those involved in *Marks* v. *United States* (11 Cust. Ct. 66, C. D. 795). The claim at 40 percent under paragraph 218 (c) and T. D. 49458 was sustained.

**No. 49158.**—Petition 6346–R of L. Bamberger & Co. (New York).

Opinion by WALKER, J. It appeared from the testimony that the difference between the entered and final appraised values was due to a certain French luxury tax of 8 percent; that entry was made on a *pro forma* invoice at values which did not include the tax; and that when the consular invoice was received it contained statements which satisfied the broker that his entered values were correct and that the tax was not part of the value. It further appeared that the general question of such taxes arose about that time and that the ultimate decision in the matter was made subsequent to entry and appraisement herein. The court was satisfied that the entry was made without intention to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.

**No. 49159.**—Petition 6329–R of G. Klein & Son, Inc. (New York).

Opinion by WALKER, J. The question in this case is whether the foreign value or the United States value should have been used for entering certain leather-bound prayer books. A test case was made and the petitioner filed an appeal to reappraisement, but because of the difficulty of obtaining proof he later abandoned it. On the record the court was satisfied that the undervaluation resulted from an honest difference of opinion and that the record demonstrates there was at no time any intention to defraud the revenue, to conceal or misrepresent the facts, or to deceive the appraiser. The petition was therefore granted