No. 49579.—Protests 87686–K, etc., of B. R. Anderson & Co. (Seattle).

Opinion by KEEFE, J. At the trial one of the importers testified that his company manufactures agricultural drain tile, that he has observed the manufacture of drain tile at the plant of the exporter, that it is made from clay which is removed from the clay bank with a steam shovel, dried, and then ground and mixed with water and put through a tiling machine, that it is exuded from the machine in the form of the imported merchandise, cut into pieces and dried in a drier, and that thereafter it is burned in a kiln; that the tile is composed entirely of clay as it comes from the clay bank and when "green" is of a yellowish-gray color, and after firing it is a red brick color. He further testified that the article is made of unwashed, unmixed clay which has not been artificially colored, and that it is commonly used throughout the United States to drain farming land or placed around the foundation of houses for drainage purposes. A sample tile, a leaflet describing agricultural drain tile manufactured by the exporter, and a customs laboratory report stating that the same is composed of a natural clay body which has been fired in a kiln but not vitrified or glazed, were admitted in evidence. An examination of the tile in evidence showed that it is not ornamented, incised, or decorated in any manner. However, in view of Tariff Information, Surveys, Vol. 2, which was before Congress at the time of preparation of the 1922 tariff act, and the Summary of Tariff Information, 1929, Vol. 1, the court found that merchandise such as that here in question has been classified through several successive tariff acts as articles composed of earthy or mineral substances and that from the tariff history it is clear Congress intended the same to be so classified. The protests were therefore overruled.

BEFORE THE FIRST DIVISION, JUNE 29, 1944

No. 49580.—Protest 18120–K of Rohner, Gehrig & Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the glass candlesticks in question are similar to those the subject of *Marks & Rosenfeld, Inc.* v. *United States* (11 Cust. Ct. 66, C. D. 795). The claim under paragraph 218 (c) was therefore sustained.