UNITED STATES *v.* BLOCH & CO. (No. 2470)[1]

1. PARAGRAPH 218, TARIFF ACT OF 1922—ILLUMINATING ARTICLES.

The provision of paragraph 218, Tariff Act of 1922, for illuminating articles of glass or paste or glass and paste, does not include all such as are used *in any way* in artificial illumination, but excludes such as are not *commonly* and *chiefly* so used. Whether, if chiefly used in producing a *decorative* illumination, an article might be included, is not decided.

2. GLASS ORNAMENTAL CANDLESTICKS.

Decorated and colored blown-glass candlesticks, chiefly used for decorative purposes empty or holding real or imitation plain or ornamental unlighted candles, and but seldom, if ever, used to hold candles for practical lighting, are not classifiable at 60 per centum ad valorem with the illuminating articles of paragraph 218, Tariff Act of 1922, but at 55 per centum with the blown-glass articles of the same paragraph. Probably if used for practical lighting purposes, they would still not be dutiable with the illuminating articles named in the paragraph, though this is reserved.

United States Court of Customs Appeals, April 14, 1925

APPEAL from Board of United States General Appraisers, G. A. 8852 (T. D. 40393)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* on the brief) for appellees.

[Oral argument Mar. 26, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Paragraph 218 of the Tariff Act of 1922 contains various provisions for the classification and assessment of duty upon articles composed wholly or in chief value of glass or paste and combinations thereof.

---

[1] T. D. 40847.

For the purposes of this case, it is only necessary to refer to two provisions in the paragraph. They are here inserted under our subdivisions (a) and (b).

(a) * * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem. * * *

(b) . * * * table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem. * * *

The typical exhibits consist of candlesticks, decorated and colored, of blown glass. They were classified by the collector under subdivision (a) of the paragraph as illuminating articles for use in connection with artificial illumination.

The importers contend they should have been classified under subdivision (b).

The Board of General Appraisers sustained the protest, and the only question here is whether these candlesticks are illuminating articles under subdivision (a), because if not so, it is not denied that subdivision (b) is applicable.

It appears that the provision for illuminating articles is new to tariff law.

Both the importers and the Government introduced testimony before the Board of General Appraisers.

In its opinion, the board, by General Appraiser Sullivan, carefully discussed the evidence and stated its conclusion in the following language:

It is evident that the glass candlesticks in question are used for decorative purposes and not for *practical* illuminating purposes. In fact, we doubt very much if an ordinary glass candlestick used to hold a candle intended for practical lighting purposes would be an illuminating glass article, within the class of chimneys, globes, shades, and prisms enumerated in the statute. It would not aid in the lighting any more than would an ordinary glass bottle if a candle were placed therein, and a bottle is not an uncommon candle holder. While a chimney, globe, or prism might tend to increase or steady a light, and a shade to lessen it, the holder of a light such as a candlestick would have no such effect. A glass article to hold a light is not an illuminating article in the sense of diffusing, shading, lessening, or increasing light, which we think is the intention of the illuminating articles specified in paragraph 218.

In this connection we note that there is no evidence tending to show that these candlesticks are generally or chiefly used to hold candles for illuminating purposes; that it tends to show that although they are sometimes used to hold lighted candles for decorative or

ornamental illuminating purposes, they are seldom, if ever, used for the purpose of holding candles that are employed to furnish light for useful or practical purposes; and that their chief use is for decorative purposes of such a nature that require them to be empty or to hold unlighted candles, real or imitation, often decorated.

In view of this evidence we understand the board to mean by its finding in the first sentence of the above-quoted opinion that these candlesticks are generally and chiefly used for such decorative purposes as do not require them to hold or carry lighted candles designed to furnish illumination.

The Government does not contend that the finding of the board is not fully supported by the evidence. It argues in effect that subdivision (a) of the paragraph covers all glass articles that are, in fact, used in any way in artificial illumination, whether they are generally or chiefly so used, or whether such use is or is not substantial and for purposes of practical illumination.

We find ourselves unable to agree with this contention and are of opinion that to bring an article within subdivision (a) it must, at least, appear that it is commonly and chiefly used in connection with artificial illumination. Whether, if chiefly used in producing a decorative illumination, an article might not be within the subdivision (a), we do not wish to determine on this record, and although we incline to the view expressed by the board that a glass candlestick used to hold a candle intended for practical lighting purposes would not be an illuminating article within subdivision (a), we also reserve decision on that question.

It appearing from the evidence and from the finding of the Board of General Appraisers that these candlesticks are not generally, substantially, or chiefly used for an artificial illuminating purpose, practical or decorative, the classification of the collector was erroneous.

The judgment of the Board of General Appraisers is *affirmed*.