UNITED STATES *v.* WYLE & BROS. (No. 2778)[1]

CONSTRUCTION, PARAGRAPH 218, TARIFF ACT OF 1922—"ILLUMINATING ARTICLES—ORNAMENTAL LIGHT-FIXTURE PARTS."

The provision of paragraph 218, Tariff Act of 1922, for illuminating articles includes such, whether decorative or merely practical. The character, degree, or extent of illumination furnished by an article is not a proper test, if it is used chiefly in connection with artificial illumination in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes. *Solomon & Son* v. *United States,* 13 Ct. Cust. Appls. 353, T. D. 41256. Leaves, bunches of grapes, and imitation candle grease cups known as "bobeches"—all used in such fashion in the manufacture of lighting fixtures, are so classifiable; and they are not dutiable at 55 per centum ad valorem as articles of glass or paste, under the same paragraph.

United States Court of Customs Appeals, December 14, 1926

APPEAL from Board of United States General Appraisers, G. A. 9112, T. D. 41469

[Reversed.]

*Charles D. Lawrence,* Assistant Attorney General (*Jerome G. Clifford,* special attorney, of counsel), for the United States.

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument October 20, 1926, by Mr. Lawrence and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The two competing portions of paragraph 218 of the Tariff Act of 1922, involved in this case, are as follows:

PAR. 218. * * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; * * *

[1] T. D. 41910.

PAR. 218. * * * table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; table and kitchen articles and utensils, composed wholly or in chief value of glass or paste, or a combination of glass and paste, when pressed and unpolished, whether or not decorated or ornamented in any manner or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), whether filled or unfilled, or whether their contents be dutiable or free, 50 per centum ad valorem; * * *

Certain imported merchandise described in the record as "bobeches," "leaves," and "bunches of grapes" were classified for duty by the collector, under the first quoted portion of paragraph 218, which action of the collector was protested by the importers, appellees. The United States Board of General Appraisers (now United States Customs Court), sustained the claim of the importers as to the above named articles, and the Government has appealed to this court.

The "bobeches" are represented by Exhibit 6, item 738–3; Exhibit 7, item 738–4; Exhibit 8, item 164–3½; Exhibit 9, item 579–4; Exhibit 10, item 5468–4.

The "leaves" are represented by Exhibit 5, No. 1012, and Exhibit 29, No. 1156.

The "bunch of grapes" is represented by Exhibit 11, No. 3861.

The "bobeches" are all of glass and are somewhat cup-shaped, with a large hole in the center of each and small holes around the edges, through which small holes are inserted small metal hooks or rings for holding pendants, or other ornaments or objects, and are used, according to the testimony and catalogues submitted, in the manufacture of lighting fixtures or lamps. They are placed beneath an imitation candle holder, in partial imitation of a candle grease cup, and also serve the purpose of holding the pendants. All of them have ground edges and are cut with various stripes, lines, and indentures.

The "leaves" in controversy are less than 1 inch long, of clear glass, with leaf veins cut on one side. Exhibit 5 contains one hole near one end. Exhibit 29 has two holes near the middle. In both instances the holes are for the purpose of enabling the exhibit to be fastened to a lighting fixture or lamp.

The "bunch of grapes" consists of about 2 dozen graduated, round, amber-colored glass balls, wired to a central wire giving the appearance of a small bunch of grapes, at the end of which is a wire for fastening the same to a lighting fixture or lamp.

The court below held that since candlesticks, in the case of *Bloch & Co.* v. *United States*, 13 Ct. Cust. Appls. 5, T. D. 40847, were held

not to be illuminating articles, the bobeches should not be included within that class of merchandise, and that, since the testimony showed that the leaves and grapes were "not used on chandeliers or lighting fixtures or near lights," they should not be held to be dutiable as illuminating articles, and that all the merchandise in controversy is properly dutiable at 55 per centum ad valorem under paragraph 218.

We think this case is decided by the case of *Solomon* v. *United States,* 13 Ct. Cust. Appls. 353, T. D. 41256, in which the following language was used:

Congress has provided in paragraph 218, supra, for "illuminating articles of every description, including *chimneys, globes, shades, and prisms for use in connection* with artificial illumination." (Italics ours.) It is within the knowledge of every observing person that the most elaborate arrangements of various kinds and colors of glass are used in artificial illumination. Chimneys, globes, and shades of various designs, shapes, and colors are used, often in connection with prisms, for artistic and beautiful lighting effects—not for the sole purpose of artificial illumination, but also for artistic and ornamental illumination. To secure the many desired effects, rays of light may be reflected, refracted, or dispersed. It seems unnecessary to discuss this proposition to any great length. It is perfectly obvious from the language of the provisions that it was intended by Congress to include within the scope of the paragraph all illuminating articles used in connection with artificial illumination whether decorative or merely practical. The articles mentioned in the paragraph are not such as generate light; they but disperse the rays of light to give the desired illuminating effect. Therefore they are for use in *connection with* artificial illumination.

*       *       *       *       *       *       *

We do not believe that the character, degree, or extent of illumination furnished by an article is a proper test under the statute, if it is chiefly used in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes.

In the *Bloch* case, *supra,* the glass candlesticks were held not to be illuminating articles because they were not used in connection with artificial illumination, but were used only for decorative purposes, which decorative purposes were independent of any illuminating or lighting articles or fixtures. In that decision the following language was used:

In this connection we note that there is no evidence tending to show that these candlesticks are generally or chiefly used to hold candles for illuminating purposes; that it tends to show that although they are sometimes used to hold lighted candles for decorative or ornamental illuminating purposes, they are seldom, if ever, used for the purpose of holding candles that are employed to furnish light for useful or practical purposes; and that their chief use is for decorative purposes of such a nature that requires them to be empty or to hold unlighted candles, real or imitation, often decorated.

Candlesticks used for ornaments, without regard to lighting, are not similar articles to the bobeches in controversy, which are admittedly used on lighting fixtures or lamps, and which, obviously, meet

the test laid down in the *Solomon* case, *supra*. It would be difficult to look at the ".bobeche" exhibits without arriving at the irresistible conclusion that they are "used in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light."

The court below found from the testimony that the "leave" and "grape bunch" "are not used on chandeliers or lighting fixtures or near lights," and for that reason decided that they were not illuminating articles. An examination of the record discloses that the testimony of importers' witness, George A. Hess, was to that effect. The other five witnesses seem to agree, and we think the overwhelming weight of the evidence shows that the "leave" and "grape bunch" are chiefly used in the manufacture of, and are attached to, lighting fixtures or lamps. That the evidence so showed was admitted by both parties litigant in this court. On this question the finding of fact of the court below was contrary to the weight of the evidence. It seems to us that the "leaves" and "grape bunches" also meet the test set out in the *Solomon* case, *supra*, and fall within the provision of "illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination."

This court held in the *Solomon* case, *supra*, that "glass stones," which consisted of pieces of glass, faceted, flat on one side and convex on the other, colored, and used on automobile lamps, so as to show colored rays of light, were illuminating articles. It was argued in that case, and it is argued here again, that to be an illuminating article it must illuminate or throw off light, that the faceted "glass stones" retarded the illumination rather than advanced it, and that the article was *illuminated* and not *illuminating*. We ruled contrary to this contention, and held that if the articles were used in connection with artificial illumination and if they affected the light, for either practical or ornamental illuminating purposes, they would fall within that part of the paragraph providing for illuminating articles. Drawing paper does not draw, nor do smoking jackets smoke, and yet they may be properly referred to as drawing paper and smoking jackets because of their use.

In the case at bar, we think all of the exhibits are used in connection with artificial illumination, and that they do affect the light; to what extent or with what effect, is immaterial.

The court below held, in this case, in passing upon the action of the collector in classifying certain glass pendants (not involved in this appeal), to be attached to electric light chandeliers, and which were faceted, and which hung below the light, that they were illuminating articles. It is difficult for us to see why Congress should intend one rate of duty upon a faceted glass pendant and another rate of duty upon the glass "bunch of grapes," when both would

be used in the same place and for the same purpose—both possessing reflecting qualities and also the quality of transparency.

This case, when before the court below, involved the classification of 31 disputed exhibits. The collector was sustained as to some of the exhibits and the protest was sustained as to others. This appeal only involves the three kinds of merchandise hereinbefore enumerated.

The judgment of the Board of General Appraisers (now United States Customs Court), is reversed as to the exhibits involved in this case hereinbefore enumerated and set out, and which were the subject of appeal by the Government to this court.

*Reversed.*

SMITH, J.: I concur in the conclusion reached, on the ground that it was not established by the importers that the articles were not chiefly used for the modification, refraction, or reflection of the light emanating from lighting fixtures.