Weiss & Biheller *v.* United States (No. 3324)[1]

United States Court of Customs and Patent Appeals, December 19, 1930

*Brown & Carter* for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 10, 1930, by Mr. Brown and Mr. Folks]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Bland, Judge, delivered the opinion of the court:

The merchandise involved in the decision of this case consists of wall brackets and chandeliers of glass and metal, used in connection with electric lighting.

The collector assessed the same with duty at 60 per centum ad valorem under the provision for illuminating articles in paragraph 218. of the Tariff Act of 1922, which provision is as follows:

Par. 218. * * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; * * *

The importers protested the classification and assessment, and claimed the merchandise to be dutiable under another portion of said paragraph 218, at only 55 per centum ad valorem, which provision reads as follows:

Par. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved,

[1] T. D. 44503.

etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

Other claims were made which were not pressed in this court and which, under the circumstances of this case, need not be considered.

The items in question on this appeal are covered by warehouse bond 14721, and are described by the invoice numbers 0/642, 0/641, 5419 and 5234.

Item 0/642 is a double wall bracket with two so-called electric-light candles to which glass pendants and other glass decorations are attached, and the same is represented by Exhibit 1.

Item 0/641 is a double wall bracket of the same general character as item 0/642, but it is without pendants and is plain and is represented by a drawing, Exhibit 2.

Item 5419 is a chandelier, represented by illustrative Exhibit B. The chandelier contains three so-called electric-light candles, to which are attached glass ornaments, imitating fruit.

Item 5234 consists of four more elaborate chandeliers, represented by pictures or cuts, being illustrative Exhibit D.

The articles were imported in a knocked-down condition and included metal parts and screw parts to hold the article on the wall, and metal parts inside to take the electric wiring. The electric wiring, to wire the articles, was not imported, but is supplied in this country, as are also the bulbs and sockets. The metal parts, as imported, are more or less attached to the brackets, but the pendants are loose and have to be attached to the lamp in this country.

The importers take the position that the merchandise, being completed lighting fixtures, brackets, and chandeliers, used to generate, support, and carry the electric light, are not illuminating articles within the contemplation of the provision, which includes "chimneys, globes, shades, and prisms," and rely in support of their position upon the decision of this court in *Solomon & Son* v. *United States*, 13 Ct. Cust. Appls. 353; T. D. 41256, and *United States* v. *Koons, Wilson & Co.*, 15 Ct. Cust. Appls. 352, T. D. 42512.

The answer of the appraiser to the protest is as follows:

The merchandise in question consists of chimneys, globes, shades, prisms, or other articles, finished or unfinished, composed wholly or in chief value of glass or paste or a combination of glass and paste, used in connection with artificial illumination. * * *

The Government argues that the instant merchandise falls squarely within the language used in the *Solomon* case, *supra*, and the *Koons* case, *supra*, and that it is, therefore, illuminating glassware, quotes extensively from *United States* v. *Wyle & Bros.*, 14 Ct. Cust. Appls.

297, T. D. 41910, and attempts to distinguish the case at bar from the *Koons* case, *supra*.

The United States Customs Court overruled the protest and held that the instant case was distinguishable from the *Koons* case, *supra*, and that, under the proof in this case, the merchandise fell within this court's holding in the *Solomon* case, *supra*.

Each of the brackets and chandeliers, with the exception of minor metal parts, is composed of glass. The metal parts are almost entirely covered with glass, most of which is cut glass, the pendants in some instances being cut and faceted, while in other instances the glass fruit and leaves are apparently molded. The so-called electric candles, which form part of each of the chandeliers and wall brackets, are without bulbs and are composed of thin glass, are described as "a cylinder of opalescent or milky substance," and are intended to imitate a candle and fit into the brackets and chandeliers and hold the bulbs. The arms of the brackets and the main framework of the chandeliers are composed of clear glass rods or colored glass rods, beautifully and gracefully curved in various shapes and forms.

The merchandise represented by illustrative Exhibit D consists of chandeliers quite elaborate in character, each containing about six imitation candles. All of the brackets and chandeliers have the electric candles so arranged as to be near the glass framework and pendants of the chandelier and so placed as to cause the whole glass fixture to scintillate and reflect the light from the candles in such a way as to make a pleasing effect for the whole fixture and the room.

In the *Solomon* case, *supra*, this court had under consideration small faceted pieces of glass used in automobile lamps. The court there said:

* * * The articles mentioned in the paragraph are not such as generate light; they but disperse the rays of light to give the desired illuminating effect. * * *

* * * We do not believe that the character, degree, or extent of illumination furnished by an article is a proper test under the statute, if it is chiefly used in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes.

The exhibits before us and the testimony of the witnesses in the instant case show, as is pointed out by the court below, in a well-written opinion, that when any of the exhibits are in use, it makes a brilliant object and refracts and reflects the light, and that the refraction and the reflection bring out the color of the fixture.

We think that under the *Solomon* case, *supra*, the articles in the instant importation are all illuminating articles for use in connection with artificial illumination.

In the *Koons* case, *supra*, this court had before it certain black glass lamp bases used for a support for the light. We held that

they were not illuminating articles within the first quoted provision: of paragraph 218 and said:

In the *Solomon* case, the court had before it certain so-called "glass stones," chiefly used on automobile lamps and so located as to cause the rays of light emanating from an electric-light bulb to pass through them. In this case we held that, in order to come within the provisions in question, an article must be chiefly used in connection with artificial illumination; not in the generation of light, but "in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes."

In the *Wyle* case, the court considered certain glass "bobeches," "leaves," and "bunches of grapes." The court said:

We think this case is decided by the case of *Solomon* v. *United States*, 13 Ct. Cust. Appls. 353, T. D. 41256. * * * In the case at bar, we think all of the exhibits are used in connection with artificial illumination, and that they do affect the light; to what extent or with what effect, is immaterial.

The articles before us are highly polished black glass bases for electric lamps. When in use they are parts of such lamps. But there is no evidence as to how the lamps, of which these articles are the bases, are constructed. There is no evidence that the bases are in such relation to the light emanating from the finished electric lamps that they refract, reflect, disperse, or otherwise affect it for illuminating purposes. The evidence is to the contrary. The Government examiner, who examined the articles at the port of Philadelphia, and advisorily classified them as "illuminating articles," said:

A. I have seen completed lamps with a base similar to this.
Q. And as completed did the base, like the Exhibits 1 and 2, have anything to do directly or indirectly with the artificial illumination, with the reflection or refraction of the light?—A. Except as a decoration supporting the upper part of the lamp.
Q. Except supporting the upper part of the lamp from which the illumination occurred?—A. Yes.

This testimony was submitted by the importer to meet the presumption of correctness attending the collector's classification of the merchandise as "illuminating articles." We think it is sufficient to meet and overcome that presumption.

*United States* v. *Bloch & Co.*, 13 Ct. Cust. Appls. 5, T. D. 40847, involving glass candlesticks not shown to be used for lighting purposes, is not relied on by either party in this case.

We agree with the finding of the court below that the case at bar is easily distinguishable from the *Koons* case, *supra*, and we are furthermore in agreement with its finding as follows:

We think that these articles are more than the lamp bases of black glass passed on in the *Koons* case, 15 Ct. Cust. Appls. 352, T. D. 42512. In that case the *black* glass lamp bases (here the glass is crystal or colored) were not shown to be used in such a manner as to pass, reflect, refract, color, or otherwise affect the light for either practical or ornamental illuminating purposes. It has been shown in the case at bar by three witnesses that this merchandise does. In the *Koons* case, *supra*, the Government examiner himself testified that the lamp bases were only used "as a decoration supporting the upper part of the lamp." This testimony was offered by the importers and was held by the court "sufficient to meet and overcome" the presumption of correctness arising from the collector's action. The Government did not offer any testimony in that case.

It seems to us. this merchandise is within the words of the provision under which it was classified, viz, "used in connection with artificial illumination." It is so used, and comes within the express specification in the provision, "illuminating articles *of every description.*" [Italics quoted.]

The judgment of the United States Customs Court is *affirmed.*