(C. D. 961)

OTTO F. UMANN *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 24, 1945)

*Strauss & Hedges* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Robert C. O'Grady,* special attorney), for the defendant.

Before OLIVER and COLE, Judges

OLIVER, Presiding Judge: The merchandise involved in these suits consists of glass articles described as stones or jewels, red or green in color. Some of the importations were made before the effective date of the rates of duty prescribed under the trade agreement with Czechoslovakia (T. D. 49458); others subsequent thereto.

They were classified by the collector as illuminating articles, not specially provided for, wholly or in chief value of glass, for use in connection with artificial illumination, under paragraph 218 (c) of the Tariff Act of 1930 and assessed with duty at the rate of 60 per centum ad valorem, or, in the case of importations affected by the trade agreement, at 40 per centum ad valorem.

Plaintiff claims the merchandise to be properly dutiable under paragraph 1528 as imitation precious stones, faceted, at only 20 per centum ad valorem, or, in the case of items subject to the trade agreement, at 10 per centum.

Samples representing the various items of the importations are in evidence (exhibits 1 to 13). They are all conceded to be faceted (R. 23). Exhibits 1, 2, and 3 are round, ⅜″ to ⅞₆″ in diameter, with a faceted, convex face and flat, gilded back. Exhibits 5 and 11 are oval in shape, 1½″ and 2″ long, respectively, each ¾″ in smallest diameter, with a smooth, convex face and concave, faceted and gilded back. The remaining exhibits are round, from ¹⁵⁄₁₆″ to 1½″ in diameter, with convex front and concave, gilded back, faceted on both sides.

Plaintiff Umann testified that the exhibits herein imitated, according to color, either rubies or emeralds, and that he had seen real gems of comparable size and shape, sometimes even larger, in "exhibits and museums" (R. 21, 22, 38, 39).

There is substantial agreement between plaintiff and defendant's six witnesses as to the chief use of these articles, being, as to exhibits 4, 5, 6, 7, 9, 10, 11, and 13, as tops for bolts holding automobile license plates, and, in the case of the larger articles (exhibits 8, 12), for the rear of bicycles, but the witnesses' characterization of the purpose or effect of such uses differs sharply. The emphasis of the Government testimony is on the terms *"reflector* buttons" and "license plate *reflector* bolts," while the plaintiff describes these items as license plate holders and imitation bicycle reflectors for ornamental purposes only.

The testimony by both sides is that the three smaller exhibits (exhibits 1 to 3) are used principally in the manufacture of cheap jewelry, to ornament pins and buckles, and to ornament leather goods, such as belts (R. 10, 42, 64, 74, 87), these items not being large enough for use on automobile license-plate bolts.

Plaintiff Umann testified that some of the other exhibits (4, 6, 7, 9, 10, 13) are used to an extent with buckles and clasps, and pins, such as breast pins and brooches, generally known as costume jewelry (R. 29), while the further use of exhibits 8 and 12, the so-called imitation bicycle reflectors, was confined to buckles only. He stated that in some instances, stones or jewels of this general nature were used on top of exhaust extensions at the rear of automobiles to make them "more attractive" (R. 29). Plaintiff's testimony as to their use with buckles was partially corroborated by some of the Government witnesses.

There is also some testimony offered by the Government as to the use of similar, except ungilded, articles as "signal light rubies" for electrical control apparatus (R. 40, 41) as indicator lights on instrument panel boards (R. 97), telephone switchboards, and elevator signal systems (R. 90). Defendant's collective exhibit D was introduced as illustrative of such merchandise. In such uses light passes through the article from a source of illumination in the rear, while the

gilding of the merchandise at bar, as shown by the record (p. 24, 32, 51, 68, 77, 96, 104), would preclude these uses.

Pieces of ungilded, faceted, red and green glass of similar description were held, in *Solomon* v. *United States* (13 Ct. Cust. Appls. 353, T. D. 41256), to be "illuminating articles" under paragraph 218, Tariff Act of 1922. There was testimony that the articles in that case were used in automobile and bicycle lamps and that the light from the lamp shone through them. The trial court was of opinion that the articles were equally provided for as imitation precious stones under paragraph 1429, but that the "illuminating articles" provision prevailed in view of the requirement in paragraph 1460 of that act that "if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates."

In affirming this holding, the appellate court found it unnecessary to pass upon the question of whether the merchandise there involved might also be imitation precious stones, but observed that it had some reservation in subscribing to the lower court's view in that regard. Commenting on the relative specificity of the competing provisions, the court stated (p. 359):

If the articles in question come within the general provision for "imitation precious stones, cut or faceted," which is not limited as to use, and also within the provision for "illuminating articles of every description," which is specially limited to a particular use, the designation according to a specific use must prevail over the general description without limitation as to use.

Plaintiff herein relies largely on our decision in *Semon Bache & Co.* v. *United States* (Abstract 47545), which involved articles similar in many respects to the merchandise at bar, but not faceted. The only testimony before us in that case was that furnished by the plaintiff and by the examiner. We there said:

It is fairly established by this record that the chief use of the articles in question is on bolts that are used to securely hold license plates on automobiles, that their use is primarily ornamental, and that they are impractical for any illuminating purpose.

The protest was overruled, without affirming the collector's classification, upon failure of plaintiff to prove that the articles were faceted, as claimed.

It is to be noted that our expression in the *Semon Bache* case, quoted above, was based upon the facts in the record then before us. The case now under consideration, likewise, must be viewed in light of the present record.

As to the purpose and effect of using these articles on automobile license plate bolts, plaintiff Umann stated (R. 15):

The jewel on top of the stone gives them sparkle and gives them life, and I consider them an ornament that improved the looks of the license plate.

He said he had offered them to manufacturers of highway signs and road signals but had not succeeded in selling them (R. 16). He testi-

fied further that he had personally conducted experiments to determine the illuminating or reflecting properties of these articles, using automobile headlights and flashlights, to ascertain whether they would come up to specifications of certain states for road signs and reflectors. Such tests were made with exhibits 4, 8, 12, and 13. He stated that he mounted these glass buttons on a post and shone an automobile headlight on them at night. He testified in part (R. 18):

Q. Well, now, what was the effect at 10 feet? What happened at 10 feet?—A. At 10 feet the jewel acted as any faceted stone would act. *It dispersed the light.*

Q. Do you mean that it glistened?—A. It glistened and sparkled and *threw light in every direction.*

Q. And then what happened from 10 feet upwards?—A. You saw fewer and fewer facets, until at the moment when you could not recognize the stone any longer.

Q. At about 25 feet?—A. Yes. [Italics supplied.]

The witness further testified that the purpose of the gilt or foil was to increase the sparkle of the stones (R. 22) and stated (R. 32):

X Q. That just means that the light would hit, be stopped by the gilt, and then reflect back?

A. Reflect back, yes,

He added that the facets in the back help to "break the light and increase the sparkle of the stone" (R. 32).

Defendant's witness Richard Feix, a manufacturer of similar, except ungilded, articles, did not agree with plaintiff's testimony as to the results of the headlight test and maintained that the red or green jewels or stones would show as far as the beam would reach, based on tests he, himself, had made (R. 48).

All of defendant's witnesses save one stated that the articles before us represented by exhibits 4 to 13 were used principally for their illuminating or light-reflecting properties. Witness Weigl, describing exhibit 12, stated that the gilt thereon was only a protective coat, underneath which was a mirror, and that the gilt and mirror stopped and reflected the light, and that the light was increased upon reflection through the construction of the facets (R. 68).

In *Solomon* v. *United States, supra,* our appellate court said (p. 357):

\* \* \* We do not believe that the character, degree, or extent of illumination furnished by an article is a proper test under the statute, if it is chiefly used in connection with artificial illumination and in such manner as to *pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes.* [Italics supplied.]

This view was cited with approval in *United States* v. *Wyle* (14 Ct. Cust. Appls. 297, T. D. 41910), the court there stating:

In the case at bar, we think all of the exhibits are used in connection with artificial illumination, and that they do affect the light; to what extent or with what effect, is immaterial.

Upon this record we find that the items represented by exhibits 4 to 13 are illuminating articles of glass chiefly used in connection with

artificial illumination and, following the authorities cited, we hold said merchandise to be properly dutiable under paragraph 218 (c), as classified.

As to exhibits 1, 2, and 3, it is established by the testimony that they are principally used in the manufacture of cheap jewelry and to ornament pins, buckles, and belts, and that they are not large enough for use on automobile license plate bolts.

In *Solomon* v. *United States* the court further said (p. 358):

\* \* \* The provision in paragraph 218, *supra*, for illuminating articles of every description is specially limited to such articles as are for use in connection with artificial illumination. Accordingly, articles not chiefly used in connection with artificial illumination, would not come within the provision for "illuminating articles," although otherwise coming within its terms.

To the same effect is *United States* v. *General Display Case Co., Inc.* (21 C. C. P. A. 542, T. D. 46976).

We therefore hold that the items represented by exhibits 1, 2, and 3 (invoice item Nos. 11020, 11021, and 11019) are not illuminating articles within the meaning of paragraph 218 (c) but are properly dutiable under paragraph 1528 as imitation precious stones, faceted, at 20 per centum ad valorem, or, if subject to the trade agreement with Czechoslovakia, at 10 per centum ad valorem.

Judgment will be rendered accordingly.