L. TOBERT CO., INC., AMERICAN SHIPPING CO. *v.* UNITED STATES (No. 4746)[1]

United States Court of Customs and Patent Appeals, November 2, 1953

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* and *Edward N. Glad* of counsel) for appellants.

*Warren E. Burger*, Assistant Attorney General (*Richard H. Welsh* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

[Oral argument October 8, 1953, by Mr. Blauvelt and Mr. Weeks]

[1] C. A. D. 544.

Before Garrett, Chief Judge, and O'Connell, Johnson, Worley, and Cole, Associate Judges

Cole, Judge, delivered the opinion of the court:

An importation of candlesticks with candelabra branches and candelabra, silver plated on either copper or nickel silver, was classified upon entry as household utensils at 50 per centum ad valorem in accordance with paragraph 339 of the Tariff Act of 1930 [19 U. S. C. sec. 1001, par. 339]. The importer, protesting the collector's assessment, sought to establish, as its principal claim, that the merchandise was properly dutiable at 25 per centum ad valorem under the reduced rate provisions of the same paragraph, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Insofar as pertinent to this controversy, the competing provisions read as follows:

Par. 339. Table, household, * * * utensils, * * * plated with silver, 50 per centum ad valorem; * * *

Par. 339, as modified, *supra*. Table, household, * * * utensils, * * * not specially provided for (except * * * *illuminating articles* * * *),
    Plated with silver but not plated in any part with platinum:
        On nickel silver or copper—25% ad val. (Italics added.)

From the foregoing, it is readily discernible that the first question presented for consideration is whether the character of the involved merchandise is such as to bring it within the specific exclusion found in the trade agreement, *supra*, relating to "illuminating articles." Otherwise stated, the primary issue for determination here is whether a candlestick or candelabra is an illuminating article within the meaning of paragraph 339, as modified, *supra*.

Claiming in the alternative, the importer, as its second contention, takes the position that the imported merchandise is chiefly used for purposes other than utilitarian and consequently was erroneously classified as household utensils. Accordingly, the importer urges dutiable status under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the same trade agreement, *supra*. That paragraph reads:

Par. 397. Articles or wares not specially provided for, whether partly or wholly manufactured:
        Plated with silver on nickel silver or copper, but not in chief value of silver—25% ad val.

The disposition of this case, for reasons hereinafter stated, makes unnecessary any discussion of this alternative claim, and reference thereto will not be further made.

In the proceedings below, the United States Customs Court, Second Division, concluded that the evidence offered on behalf of the importer was insufficient to overcome the collector's presumptively correct classification of the merchandise. *L. Tobert Co., Inc.*

*American Shipping Co.* v. *United States*, 28 Cust. Ct. 456, Abs. 56581. Such a ruling legally presupposes that the collector considered the applicability of all claimed tariff provisions, but found that the specific exception for "illuminating articles" was such as to exclude the merchandise from classification under the modified version of paragraph 339, *supra,* and that pararaph 397, as modified *supra,* was not relevant.

In considering the relative merits of the contentions advanced by the importer, we think it is hardly disputable that candlesticks and candelabras are, in fact, designed to be chiefly used in the household and intended to function as a device for holding a candle.

In its brief, and in oral argument before this court, the importer has repeatedly emphasized that candlesticks and candelabras, of which Exhibit 1 in the case is representative, are not, in themselves, capable of producing illumination and henceforth are not illuminating articles. This course of argument is seemingly predicated on the importer's theory that the nature of the imported merchandise is such as to establish, even without reference to use, that the articles in question are not illuminating articles.

We are unwilling to accept such a narrow construction of the issue in this case. No lighting fixture is illuminating *per se,* but that does not necessarily exclude such articles from characterization as illuminating articles. On the contrary, counsel for the importer during oral argument before us admitted that, in his opinion, an electric lighting fixture, without any bulb therein, was "a fixture, a device for illumination." Further emphasizing its position, the importer states in its brief as follows:

* * * Candlesticks and candelabra are physically incapable of producing illumination in themselves. Unlike an oil lamp or an electric lamp, a candlestick is not a contrivance or device for producing light by use of oil or electricity, but serves merely as a *decorative* holder for the *illuminating device, i. e., the candle.* [Italics quoted.]

We think the foundation of the inquiry herein is based on the usage to which the imported articles are primarily placed insofar as such usage bears on the question of whether or not candlesticks and candelabras are properly classified as illuminating articles. The main purpose of the imported articles, whether utilitarian or otherwise, is of prime importance, as it is entirely clear that paragraph 339, as modified, contemplates the inclusion only of articles chiefly used to achieve utilitarian objectives.

At the trial, two witnesses were heard on behalf of the importer. Briefly summarized, their testimony was principally to the effect that the imported articles were mainly used for decorative or ornamental purposes, and but incidentally for illuminating purposes. On the other hand, the witness testifying on behalf of the Government was of the opinion that the imported articles served chiefly in the capacity

of utilitarian illuminating articles furnishing light for useful and practical purposes. Testimony ranging from the dogmatic to the confused was adduced bearing on the extent of illumination provided by lighted candelabras, as well as testimony relating to the question of whether lighted candelabras were ever used as the sole source of illumination. General agreement developed over the fact that the imported articles are variously used with or without candles, lighted or otherwise.

As authority for the proposition that the involved merchandise was erroneously classified as illuminating articles, the importer cites the cases of *United States* v. *Block & Co.*, 13 Ct. Cust. Appls. 5, and *United States* v. *General Display Case Co., Inc.*, 21 C. C. P. A. (Customs) 542. In the *Bloch* case, *supra*, the merchandise consisted of blown glass candlesticks which were colored and decorated. The issue there was whether or not such articles were illuminating articles for use in connection with artificial illumination and thus dutiable within the meaning of par. 218 (a) of the Tariff Act of 1922. After appraisal of the evidence, this court said, "that these candlesticks are not generally, substantially, or chiefly used for an artificial illuminating purpose, practical or decorative * * *." The evidence therein indicated that the chief use of such candlesticks was "for decorative purposes of such a nature that require them to be empty or to hold unlighted candles, real or imitation, often decorated." Decision was reserved on the issue of whether or not a candlestick used to hold a candle intended for practical lighting purposes would or would not be an illuminating article for use in connection with artificial illumination.

In the *General Display* case, *supra*, an importation of hollow, translucent, cased glass cylinders, containing printed advertising matter on the sides thereof, and designed to be placed over an electric light bulb, was classified as globes or shades for use in connection with artificial illumination as provided in paragraph 218 (c) of the Tariff Act of 1930. In finding from the testimony of record that the involved articles were chiefly used for advertising purposes, and only incidentally for illumination, the classification was held erroneous.

We are of the opinion that neither of the cases relied upon by the importer are of fundamental consequence in determining the present controversy. As the lower court observed, "they rested upon the particular facts presented therein" and it is clear that the evidence of record in those cases justified the conclusion announced.

While judicial notice may be taken of well known uses of an article, chief use is a question of actual fact which, in a case of this character, should be established on the basis of positive testimony representative of an adequate geographical cross section of the nation. In other words, we are reluctant to disturb the presumption of correctness

attaching to the collector's classification in the absence of unequivocal proof successfully contradicting the validity of such classification.

In the opinion below, Judge Lawrence, speaking for the court, succinctly stated:

In order to succeed in their contention that the articles under consideration are not illuminating articles, it was incumbent upon plaintiffs to establish by competent evidence that the articles are not chiefly used for illuminating purposes. * * * The fact of chief use is difficult to prove. It ordinarily entails rather exacting evidence of use throughout the United States and cannot depend upon evidence of use locally. It appears from the record that the testimony of plaintiffs' witnesses to which reference has been made, *supra*, covered a realtively narrow field—in and about New York, with an isolated instance in Oklahoma—which certainly falls short of the requirements of proof of chief use. [Cases cited.]

While we accept the issue of chief use of the merchandise in question as controlling in this case and agree with the able discussion of that subject by the trial court, we feel constrained to interject this comment. Candelabra and candlesticks are of quite common use. They are, as such, used in many varied ways, well known by most everyone. It is tempting, therefore, for us to apply our judicial knowledge on the subject and once and for all determine the classification of such articles for tariff purposes in the future. We recognize, however, that despite what may be the experience and knowledge of one judge or another, such may not be in line with the chief use as determined via proof, which seems to us must be available in quantity and quality sufficient to assist the court in future litigation. It is to be regretted that the record in the case before us is not in that category. We find it almost totally unacceptable for such purposes.

For the reasons stated, the judgment of the United States Customs Court is *affirmed*.

GARRETT, Chief Judge, dissenting:

I respectfully dissent. I do not require the testimony of witnesses to enable me to determine as a matter of fact that the candlesticks or candelabra involved in this controversy are not *per se* illuminating articles, and there is nothing in this record which seems to me to justify the conclusion that they are something in law that they are not in fact. In my opinion, the articles are themselves witnesses quite sufficient, without more, to overcome the *prima facie* presumption of correctness which attaches to the collector's classification.

The word "illuminating" obviously is used as an adjective and when applied to the term "articles" I think it carries the clear meaning that the article must be illuminating in and of itself.

It seems to me necessary, to a complete understanding of my views, to refer to paragraph 218 of the respective Tariff Acts of 1922 and 1930 and certain decisions thereunder.

The term, or phrase, "illuminating article" is used *only once* in

those acts. According to a statement of this court in the case of *United States* v. *Bloch & Co.*, 13 Ct. Cust. Appls. 5, 6, T. D. 40847, 47 Treas. Dec. 502, the provision for illuminating articles, which appeared in the Earths, Earthenware, and Glassware Schedule, was "new to tariff law" in the Tariff Act of 1922. It appeared there in paragraph 218 which was the forerunner of paragraph 218 of the Tariff Act of 1930. It was involved before us in the said *Bloch & Co.* case, *supra*, where decorated and colored blown-glass candlesticks, found to be chiefly used for decorative purposes, were classified by the collector under the clause in paragraph 218 of the 1922 act which clause was the forerunner of paragraph 218 (c) of the 1930 act, and were claimed by the importer to be classifiable under another clause of that act, which was the forerunner of paragraph 218 (d) of the 1930 act.

In the *Bloch & Co.* case, *supra,* this court approved the decision of the Board of United States General Appraisers (now the United States Customs Court) sustaining the importer's protest. In the course of the court's decision the following was quoted with approval from the decision of the board (now the court):

It is evident that the glass candlesticks in question are used for decorative purposes and not for practical illuminating purposes. In fact, we doubt very much if an ordinary glass candlestick used to hold a candle intended for practical lighting purposes would be an illuminating glass article, within the class of chimneys, globes, shades, and prisms enumerated in the statute. It would not aid in the lighting any more than would an ordinary glass bottle if a candle were placed therein, and a bottle is not an uncommon candle holder. While a chimney, globe, or prism might tend to increase or steady a light, and a shade to lessen it, the holder of a light such as a candlestick would have no such effect. A glass article to hold a light is not an illuminating article in the sense of diffusing, shading, lessening, or increasing light, which we think is the intention of the illuminating articles specified in paragraph 218. (Italics quoted.)

It should be borne in mind that an actual glass candlestick capable of use for holding a candle was involved there. That is to say, the candlestick was capable of use "in connection with artificial illumination." The decision there turned upon the question of chief use; it was there held that the candlestick was not itself an illuminating article.

That decision was followed in principle in this court's decision in the case of *United States* v. *General Display Case Co., Inc.*, 21 C. C. P. A. (Customs) 542, T. D. 46796, which arose under paragraph 218 (c) of the Tariff Act of 1930 (19 U. S. C. sec. 1001, par. 218 (c)). *No candlestick or candelabra was involved there, however.* The merchandise consisted of cylindrical articles made of white, translucent cased glass about 12 inches in height and 8 inches in diameter. They had on them an advertising inscription in black and were designed to receive an electric light lamp. They were deemed by the collector to fall within the provision for globes and shades "for use *in connection*

*with* artificial illumination" [Italics supplied by me], and he classified them under paragraph 218 (c), *supra*. The classification held applicable by the trial court in sustaining the importer's protest and approved by the majority of this court, was under paragraph 218 (d) which reads:

(d) All glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semi-translucent glass, or combinations of the same, 60 per centum ad valorem.

In the course of our decision there we referred to our decision in the case of *United States* v. *Wyle & Bros.*, 14 Ct. Cust. Appls. 297, T. D. 41910, 50 Treas. Dec. 545, which held certain glass bobeches, leaves, and other ornaments on chandeliers which emitted light only by reflection, classifiable under the clause in paragraph 218 which provided for articles used in artificial illumination, because they were chiefly used "in connection with artificial illumination."

We also referred to our decision in the case of *United States* v. *Koons, Wilson & Co.*, 15 Ct. Cust. Appls. 352, T. D. 42512, 52 Treas. Dec. 470, in which we affirmed the decision of the trial court holding certain urn-shaped black lamp bases which were not shown to be used "in such a manner as to pass, reflect, refract, disperse, color or otherwise effect the light for either practical or ornamental illuminating purposes," to be properly assessable with duty at 55 per centum ad valorem under paragraph 218 of the Tariff Act of 1922, rather than at 60 per centum ad valorem under another clause of that paragraph.

I have not found any prior court decision where "candlesticks with candelabra branches and candelabra," the description of the instant merchandise given by the trial court, have been held to be illuminating articles *per se* or illuminating articles "used in connection with artificial illumination."

Assuming that *glass* candlesticks, etc. might properly be classifiable as "articles used in connection with artificial illumination" (I cannot conceive of their being properly classifiable as illuminating articles *per se*) because they may hold candles which do illuminate, it must be remembered that the phrase "for use in connection with artificial illumination" is found only in the Earths, Earthenware, and Glassware Schedule of the 1930 Tariff Act as enacted by Congress.

We have only metal articles, presumably provided for in the "Metals and Manufactures Schedule," before us and I find no phraseology anywhere in the metal schedule of the 1930 act which is comparable to that relied upon in the glass schedule.

Paragraph 339 of the Tariff Act of 1930, *as enacted by Congress*, did not use the phrase "illuminating articles" nor any phrase having any similar meaning, nor is there any expression of use of any article "in connection with artificial illumination." It appears, however, to have been injected into the paragraph in a Summary of Tariff Information,

1948 edition, Vol. 3, Part 3, page 28, presumably used in formulating the General Agreement on Tariffs and Trade announced in T. D. 51802, 82 Treas. Dec. 305. By what authority it was injected, I do not know.

The paragraph makes reference to "electrical heating elements" but none to "illuminating articles." Inasmuch as it does not make any such reference and does not provide for any articles used in connection with artificial illumination, I fail to perceive its relevancy to the issue here.

I am of opinion that the importer's claim for classification under the phraseology in paragraph 339 which provides a duty assessment of only 25% ad valorem should be sustained.