(C. D. 1746)

GOLD-SILVER & CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 5, 1956)

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Joseph E. Weil* and *Murray Sklaroff*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: Certain merchandise described on the invoice as "MAGIC ELECTRIC BULBS" was classified by the collector under

paragraph 218 (f) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by T. D. 51898, as blown glass articles, and duty assessed thereon at the rate of 50 per centum ad valorem.

The plaintiff concedes that the collector was correct in classifying the merchandise under paragraph 218 as articles in chief value of blown glass, but asserts that the importation is properly classifiable under paragraph 218 (c) of the tariff act, as modified, *supra*, as "Illuminating articles * * *, wholly or in chief value of glass, for use in connection with artificial illumination."

Paragraph 218 (f) of the Tariff Act of 1930, as modified by T. D. 51802 and the President's proclamation, T. D. 51898, insofar as pertinent to our present inquiry, reads as follows:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise * * *:

| * | * | * | * | * | * | * |

Other_____ 50 cents on each article or utensil, but not less than 30% nor more than 50% ad val.

And subdivision (c) of the same paragraph, as modified, reads as follows:

Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination:

| * | * | * | * | * | * | * |

Other (not including chimneys)_____ 30% ad val.

The facts in this case are not in dispute. The merchandise in question consists of certain items, known as "Hooduni" lamps, a sample of which is in evidence as plaintiff's exhibit 1. An examination of the exhibit shows it to be composed of a glass bulb, having the appearance of an ordinary incandescent lamp globe. However, the "Hooduni" bulb is without filaments and completely hollow. Into this vacant bulb is inserted a tube, to one end of which is attached a very small light globe, similar to the bulbs used in ordinary flashlights. Into the vacant tube, a small battery is inserted. The metal base of exhibit 1, resembling the part of an incandescent lamp which is threaded into a socket to make contact with the electric current, is detachable as a cap. However, when the metal base is pushed tight up against the glass bulb, it forces the battery to make contact with the small flashlight, which thereupon glows. The purpose of the "Hooduni" lamp is for use "by magicians to fool people into

thinking that they [the magicians] have sufficient electricity in their bodies to illuminate a light bulb." (Plaintiff's brief, page 3.)

Since the plaintiff has conceded the correctness of the classification insofar as the involved merchandise consists of "articles * * * in chief value of glass," the issue is narrowed to the inquiry as to whether or not the "Hooduni" lamps in question are illuminating articles, for use in connection with artificial illumination.

In support of its claim, the plaintiff cites the case of *United States* v. *Wyle & Bros.*, 14 Ct. Cust. Appls. 297, 300, T. D. 41910, in which our appellate court said:

In the case at bar, we think all of the exhibits are used in connection with artificial illumination, and that they do affect the light; to what extent or with what effect, is immaterial.

and the case of *Solomon & Son* v. *United States*, 13 Ct. Cust. Appls. 353, T. D. 41256.

In the case of *Wyle & Bros.*, *supra*, certain merchandise, described in the record as "bobeches," "leaves," and "bunches of grapes," was classified for duty by the collector under that portion of paragraph 218 of the Tariff Act of 1922 providing for "* * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; * * *." Plaintiff claimed the involved merchandise properly dutiable under said paragraph 218 of the act in question at the rate of 55 per centum ad valorem as articles of glass or paste.

The trial court in the *Wyle & Bros.* case, *supra*, 49 Treas. Dec. 563, T. D. 41469, upheld the importer's protest and found that the involved merchandise was not composed of articles used for artificial illumination.

In reversing the decision of the trial court, the appellate court in *United States* v. *Wyle & Bros.*, 14 Ct. Cust. Appls. 297, 299, T. D. 41910, cited the case of *Solomon* v. *United States*, 13 Ct. Cust. Appls. 353, T. D. 41256, and quoted the following language from the *Solomon* case as controlling:

Congress has provided in paragraph 218, *supra*, for "illuminating articles of every description, including *chimneys, globes, shades, and prisms for use in connection* with artificial illumination. (Italics ours.) It is within the knowledge of every observing person that the most elaborate arrangements of various kinds and colors of glass are used in artificial illumination. Chimneys, globes, and shades of various designs, shapes, and colors are used, often in connection with prisms, for artistic and beautiful lighting effects—not for the sole purpose of artificial illumination, but also for artistic and ornamental illumination. To secure the many desired effects, rays of light may be reflected, refracted, or dispersed. It seems unnecessary to discuss this proposition to any great length.

It is perfectly obvious from the language of the provisions that it was intended by Congress to include within the scope of the paragraph all illuminating articles used in connection with artificial illumination whether decorative or merely practical. The articles mentioned in the paragraph are not such as generate light; they but disperse the rays of light to give the desired illuminating effect. Therefore they are for use in *connection with* artificial illumination.

\*        \*        \*        \*        \*        \*        \*

We do not believe that the character, degree, or extent of illumination furnished by an article is a proper test under the statute, if it is chiefly used in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes.

The test set forth in the *Solomon* case, *supra*, page 357, is not whether the items in question generate light but whether they "disperse the rays of light to give the desired illuminating effect." It also appears definite from the *Solomon* case, *supra*, that "the character, degree, or extent of illumination furnished by an article" is not the proper test under the statute, if the product involved is "chiefly used in connection with artificial illumination and in such manner as to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes."

In the case of *United States* v. *General Display Case Co., Inc.,* 21 C. C. P. A. (Customs) 542, T. D. 46976, the merchandise involved was described in two entries as "illuminating glassware" and in the invoices as "Hudnut—displays—hollow glass units of cylindrical shape of ord. opalized glass with colored decalcomania." The importation was classified as "globes or shades, composed in chief value of glass, for use in connection with artificial illumination" under subdivision (c) of paragraph 218 of the Tariff Act of 1930 and assessed at 70 per centum ad valorem. The importer claimed the goods properly dutiable either under subdivision (c) of said paragraph 218 at 60 per centum ad valorem, or as "plated or cased glass glassware" under subdivision (d), or as articles in chief value of glass under subdivision (f) of the paragraph under consideration. The plaintiff further alternatively claimed classification under paragraph (g) as "table and kitchen articles and utensils, in chief value of glass." It was stipulated between the parties that "the imported merchandise was made of cased glass." The trial court upheld the protest under subparagraph (d) of paragraph 218 as "plated or cased glass glassware." The appellate court upheld the decision of the lower court.

As stated by the appellate court, the articles in the case of *General Display Case Co., Inc., supra,* were cylindrical in form, closed at the top, about 12 inches in height and 8 inches in diameter, of white and translucent cased glass, and had thereon an advertising inscription in black. They were designed and fitted for the purpose of having inserted therein an electric-light lamp in the bottom thereof, and,

when the same was lighted, the advertisements on the sides of the articles were plainly visible, and, as stated by the court, "the whole article reflects a mild and pleasing light." Under that statement of facts, the court held the merchandise to be used chiefly for advertising purposes, with an incidental use for illumination. In holding that the articles there in question were not dutiable as classified, the court in the case of *General Display Case Co., Inc., supra,* after reviewing authorities on the subject, stated:

These cases emphasize the thought that the provision for illuminating articles to be used in connection with artificial illumination includes only such articles as are chiefly used in connection with artificial illumination for illuminating purposes. If they are chiefly used for some other purpose, and were constructed for that purpose, and if the illumination provided by them is minor and incidental, only, to their chief use, and are not intended for or used for the purpose of illuminating the surrounding atmosphere, then they should not be classified as illuminating articles, under said paragraph 218 (c). * * *

In the case at bar, it cannot be said that the "Hooduni" lamp meets the tests laid down by our appellate court for classification as an illuminating article "for use in connection with artificial illumination." While the item in question may be used to generate light, its primary purpose is not to "pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes." The testimony establishes that this so-called "Hooduni Magic Electric Light Bulb" is a novelty item used by magicians to fool people. Its chief use, if not the sole use, is to create an illusion, any illumination resulting from the use of the article being incidental to the aforesaid chief use of the item.

We are of the opinion and hold that the plaintiff herein has not overcome the presumption of correctness attaching to the collector's classification, and, furthermore, that the evidence clearly indicates that the collector's classification should stand, regardless of the presumption, since the involved merchandise does not measure up to the tests specified by the tariff act, as interpreted by our appellate court, for illuminating articles, for use in connection with artificial illumination, and plaintiff, on its part, has failed to establish its claim;

The merchandise at bar is properly dutiable under paragraph 218 (f) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by T. D. 51898, as blown glass articles, at the rate of 50 per centum ad valorem, as assessed. The protest is overruled. Judgment will issue accordingly.