(C. D. 1445)

WALCO BEAD Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 9, 1952)

*Strauss & Hedges* (*Barnes, Richardson & Colburn* (by *Edward N. Glad*) of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise in this case, invoiced as "Bead Ornaments," was assessed with duty under paragraph 218 (f) of the Tariff Act of 1930, as modified by the Presidential proclamation (T. D. 51898) to supplement the General Agreement on Tariffs and Trade (T. D. 51802), as "Christmas tree ornaments" at the rate of 50 per centum ad valorem. The plaintiff claims the merchandise properly dutiable under paragraph 1503 of the tariff act, as modified by the same proclamation, under the provisions contained therein for articles wholly or in chief value of beads or spangles at the rate of 30 per centum ad valorem.

The pertinent parts of the paragraphs in question are as follows:

Paragraph 218 (f), as modified by T. D. 51898:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, * * *:

\*　　\*　　\*　　\*　　\*　　\*　　\*

Christmas tree ornaments_____ 50% ad val.

Paragraph 1503, as modified by T. D. 51898:

Fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliquéd, or scalloped, composed wholly or in chief value of beads or spangles (other than imitation pearl beads, beads in imitation of precious or semiprecious stones, and beads in chief value of synthetic resin)_____ 30% ad val.

At the trial, the plaintiff conceded that these articles were chiefly used as ornamentation on Christmas trees (R. 3, 16).

Plaintiff contends that the articles before us are more specifically provided for under the provision in paragraph 1503, Tariff Act of 1930, as modified, for articles composed wholly or in chief value of beads or spangles than under the provision contained in paragraph 218 (f), Tariff Act of 1930, as modified, for "Christmas tree ornaments." The

Government, on the other hand, contends in the first instance, that the plaintiff has failed to establish that these articles are in chief value of beads or spangles and further maintains that, assuming without conceding that the plaintiff has established that these articles are in chief value of beads, the provision for "Christmas tree ornaments" contained in paragraph 218 (f), Tariff Act of 1930, as modified by T. D. 51898, is more specific than the provision contained in paragraph 1503 of the said act for articles composed wholly or in chief value of beads or spangles.

There were received in evidence as illustrative of the merchandise here in question five items concededly in chief value of glass (plaintiff's collective exhibit 1–A to 1–E, inclusive) (R. 11). Plaintiff's collective exhibit 1–A is a glass article in the form of a scale. Plaintiff's collective exhibit 1–B is a 6-pointed, star-shaped article, having six silver-colored glass balls in the center thereof, with a gold-like glass ball in the center of the other items. Plaintiff's collective exhibit 1–C is an article resembling in design a butterfly, the "wings" of which consist of beads and bugles, the "body" of which is represented by a pear-shaped, silver-colored article about 1½ inches in length. Plaintiff's collective exhibit 1–D is a 6-pointed, star-shaped article having six small, silver-colored glass balls in the center of the article, with a small, silver-colored glass ball in the center of the other glass balls. Plaintiff's collective exhibit 1–E is a wired article of 6 sides, containing beads and bugles, having a star-shaped glass design of white satin appearance in the center, upon which are imposed round, glass balls. Four sides of the perimeter of collective exhibit 1–E consists of a series of wired glass hollow beads joined together as a single item and which are made into a bugle. The white satin-like article contained in the exhibit is one piece of glass made into a bugle (R. 18).

Plaintiff's witness, a salesman for the importing company for the past 18 years, testified that his company sells raw materials to embroidery houses, dress houses, etc., and that the raw materials dealt in are beads. He stated that he was personally familiar with the merchandise covered by this protest and that plaintiff's collective exhibits 1–A to 1–E were representative of the importation in question as far as the material contained therein was concerned (R. 9). He stated that there were 8 styles covered by the involved invoices, with 12 in a box, of different designs, making an aggregate of 96 different items. He further testified that plaintiff's collective exhibit 1–A is made up of beads and bugles and wire "which holds them together" (R. 12). The witness defined the term "bead" as used by him in the trade as "a piece of glass with a hole pierced through it, or any substance with a hole pierced through it" and stated that when using the term "bugle" he referred to a bead which is "a longer piece of glass, an oblong piece of glass." He further stated that plaintiff's

collective exhibits 1–B, 1–C, 1–D, and 1–E are likewise composed of beads, bugles, and wire (R. 13–15), and that other Christmas tree ornaments of different designs that were imported in this shipment were made of the same articles or materials as the samples before us.

The defendant introduced in evidence an article composed of a red-colored glass ring about 2 inches in diameter, attached to which are two silver-colored bells and from which dangles a silver-colored, bullet-shaped item (exhibit 2). With respect to this article, the plaintiff's witness testified that the two bells and the dangling item were beads (R. 32) but that he would not call the glass ring a bead (R. 34). In his opinion, the article would respond to a description of a bead Christmas tree ornament (R. 27). The witness stated, however, that he had no recollection whether articles similar to defendant's exhibit 2 were in the shipment before us in this case (R. 31).

Certain other items, similar in design and appearance to plaintiff's collective exhibits 1–A to 1–E, inclusive, were received in evidence as defendant's collective exhibit 3. The plaintiff's witness testified that these items were all beaded ornaments made of glass beads and bugles and that, although they might be of different designs and shapes, they were similar to plaintiff's collective exhibits 1–A to 1–E, inclusive, and to the imported merchandise (R. 33).

The first question here in issue is whether the articles before us are articles in chief value of beads, as claimed by the importer. The plaintiff's witness testified in this connection that the Christmas tree ornaments here in question were composed of beads, bugles, and wire. Our appellate court has held that the proper method by which the component material of chief value is determined is to establish the cost of the separate parts of the article at the time they are ready to be combined to make the completed article. *United States* v. *H. A. Caesar & Co.*, 32 C. C. P. A. (Customs) 142, C. A. D. 299; *United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. (Customs) 232, T. D. 45337; *United States* v. *Mrs. S. Bacharach*, 18 C. C. P. A. (Customs) 353, T. D. 44612; and *Turner & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 48, T. D. 39997. The present case is distinguishable from the situation that prevailed in the cases cited in the defendant's brief. The collector is presumed to have found every fact to exist that was necessary to sustain his classification (*United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, T. D. 43309). In the case at bar, the merchandise was classified as articles composed wholly or in chief value of glass. The defendant does not repudiate this classification, but, on the contrary, concedes that the involved ornaments are composed wholly or in chief value of glass. The particular issue, therefore, resolves itself into a question of fact as to whether or not these Christmas tree ornaments are in chief value of beads. The testimony of the plaintiff's witness, which has not been

rebutted by the defendant, establishes that all the exhibits in plaintiff's collective exhibits 1–A to 1–E, inclusive, and defendant's collective exhibit 3 are made up of beads, bugles, and wire (R. 12–15, 33). The testimony further indicates that a "bugle" is a type of bead. Further, the record establishes that the glass articles in plaintiff's collective exhibits 1–A to 1–E, inclusive, and defendant's collective exhibit 3 are beads. Inasmuch as the only glass in these Christmas tree ornaments consisted of beads and bugles, and since it has been established that the component material of chief value of the merchandise in question is glass, it follows that the imported articles are composed in chief value of glass beads, and we so find.

There remains for determination the question whether the provision contained in paragraph 1503, Tariff Act of 1930, for articles composed wholly or in chief value of beads is more specific than the provision contained in paragraph 218 (f) of the same act, as modified, for "Christmas tree ornaments." In this connection, the Government maintains that the imported merchandise is properly dutiable under paragraph 218 (f), *supra* (as modified by T. D. 51898), which specifically provides for "Christmas tree ornaments." In support of this contention, the Government directs our attention to *United States v. Sears, Roebuck & Co.*, 20 C. C. P. A. (Customs) 295, T. D. 46086. Our appellate court there had before it for determination the question of the constitutionality of section 336 of the Tariff Act of 1930, known as the flexible tariff law, with respect to the rate of duty applicable to certain poultry wire netting or fencing, galvanized before weaving, and certain other fencing, galvanized after weaving. The merchandise had been assessed for duty at the rate of 50 per centum and 60 per centum ad valorem, under the respective provisions of paragraph 397, Tariff Act of 1930, as modified by a Presidential proclamation (T. D. 44605), pursuant to the authority of section 336, *supra*, and was claimed properly dutiable at the rate of 45 per centum ad valorem under the said paragraph 397, as unmodified. It appeared that the articles in question which were described by the President in his proclamation were not *eo nomine* provided for in the Tariff Act of 1930. The appellee contended that Congress had not delegated to the President the power to describe an article falling within a catchall or basket paragraph and give to it an *eo nomine* designation as was done in the case there under consideration. With respect to this contention, the court therein stated, page 301:

We can not agree with this contention. It is well established that where a general class of articles is named in a tariff law without specifying each article coming within the class, each of said articles is regarded as enumerated as clearly as if the proper names of each and all of them had been given.

\*      \*      \*      \*      \*      \*      \*

Under this principle *if* the articles here involved are classifiable under said paragraph they must be regarded as enumerated therein, to use the language of the Supreme Court, "as clearly as if the proper names of each and all of them had been given." [Italics ours.]

Applying the above principle to the case at bar, the Government contends that the provision in the involved trade agreement, T. D. 51898, for "Christmas tree ornaments" was always contained in paragraph 218 (f) of the Tariff Act of 1930, and further that the Christmas tree ornaments in question are more specifically provided for as such under the *eo nomine* designation of "Christmas tree ornaments" (paragraph 218 (f), as modified) rather than as articles composed wholly or in chief value of beads (paragraph 1503).

The *eo nomine* provision for "Christmas tree ornaments" first appeared in the trade agreement in question (T. D. 51898). It would seem reasonable to assume that paragraph 218 (f) embraces within its provisions such Christmas tree ornaments as come within the general class of "articles composed wholly or in chief value of glass," in accordance with the holding in the *Sears, Roebuck* case, *supra*. However, the involved trade agreement in modifying paragraph 218 (f), *supra*, can only apply to such articles as were already embraced within that paragraph of the tariff act. In *United States v. Canadian National Railways*, 29 C. C. P. A. (Customs) 272, C. A. D. 202, page 278, the court stated:

In the modification of said paragraph 1410, by the said trade agreement, "tourist literature" was first mentioned *eo nomine*. That fact, however, is of no importance here for the reason that that portion of the said agreement modifying paragraph 1410 was clearly intended to change the rate of duty only on articles already embraced within the scope of said paragraph.

In the Summaries of Tariff Information, 1948 edition, volume 2, part 2, at page 38, we find:

Glass Christmas tree ornaments are generally thin, blown-glass articles produced in various shapes and colors. * * * One of them, a large glass manufacturer, began to produce these ornaments by mass-production methods at a rate of several hundred per minute on a continuous ribbon machine similar to that used to produce electric light bulbs.

It thus appears that the negotiators of the trade agreement here under consideration, in providing for "Christmas tree ornaments" under paragraph 218 (f), *supra*, as modified, intended to include therein Christmas tree ornaments other than the beaded ornaments which are involved in this case.

Not all articles used as Christmas tree ornaments have been held dutiable as articles in chief value of glass. In *A. L. Tuska, Son & Co. v. United States*, 35 Treas. Dec. 401, Abstract 42743, certain Christmas tree ornaments composed of colored, silvered, and gilded glass beads

strung on a wire or thread were held dutiable under predecessor paragraph 333, Tariff Act of 1913, as articles in chief value of beads, rather than, among other claims, as articles in chief value of glass under paragraph 84 of the said act. In *International Forwarding Co.* v. *United States*, 37 Treas. Dec. 360, Abstract 43423, the merchandise involved two kinds of Christmas tree ornaments, the first consisting of strings of small, hollow, globular articles of gilded glass, each article having a projection at each end, with a hole running through the center to the ends of each projection through which the articles were strung, and the second type consisting of hollow, colored balls with a metal ring attached to each ball by means of which the article could be suspended. The first articles therein involved were held dutiable as beaded articles under paragraph 333, Tariff Act of 1913, and only those Christmas tree ornaments of hollow, colored glass balls were held to be dutiable as blown glass articles under paragraph 84 of the act, as claimed.

The merchandise before us consists of Christmas tree ornaments in chief value of glass beads. Under the Tariff Act of 1930, such articles would not fall under paragraph 218 (f) of the act for "articles in chief value of glass," but would be more specifically provided for under paragraph 1503 for "articles in chief value of beads." The trade agreement here in question, while providing for "Christmas tree ornaments" in paragraph 218 (f), as modified, did not embrace within its scope such Christmas tree ornaments as are in chief value of beads. In *Eitinger Bead Co., Inc., et al.* v. *United States*, 24 Cust. Ct. 428, Abstract 54251, decided April 20, 1950, this court held certain gold- and silver-colored hollow glass round articles shown to be "beads" dutiable under paragraph 1503, Tariff Act of 1930, as "beads" not specially provided for, rather than under the provision in paragraph 218 (f) of the said act for decorated blown glass articles. Accordingly, the articles here in question are more specifically provided for under paragraph 1503, Tariff Act of 1930, as "articles in chief value of beads," as claimed, rather than under the provision in paragraph 218 (f) of the act for "articles in chief value of glass," as modified by the trade agreement (T. D. 51898) to include "Christmas tree ornaments."

On the basis of the record herein and the cited authorities, we hold the merchandise properly dutiable at the rate of 30 per centum ad valorem under paragraph 1503, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by Presidential proclamation, T. D. 51898, as articles in chief value of beads. The protest is sustained and judgment will be rendered accordingly.