No. 57759.—Langfelder Homma & Carroll, Inc. *v.* United States, protest 203493-K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments the same in all material respects as those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

No. 57760.—B. Westergaard & Co. *v.* United States, protests 203310-K and 214083-K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of herring, prepared or preserved in any manner, packed in airtight containers weighing with their contents not more than 15 pounds each, without added oil or oil and other substances, the claim of the plaintiff was sustained.

No. 57761.—Armour & Company *v.* United States, protests 184493-K and 188456-K (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise in question is a synthetic resin having a molecular weight of approximately 80,000, is a medicinal preparation, has therapeutic properties, is chiefly used for medicinal purposes, and is not a drug of either animal or vegetable origin. In plaintiff's brief, it was pointed out that the agreed facts established that the merchandise in issue is both a synthetic resin and a medicinal preparation. Citing *United States* v. *Lo Curto & Funk* (17 C. C. P. A. 19, T. D. 43319), holding that the provision for "all medicinal preparations" is a designation by use, plaintiff invoked the well-settled rule under the doctrine of relative specificity that in the absence of a contrary legislative intent a designation by use will control classification over an *eo nomine* or descriptive provision. It was held that no contrary legislative intent appears here. Since the soundness of the application of the rule to the situation at bar apparently was not questioned by the defendant, the claim of the plaintiff was sustained.