**No. 58060.**—Teigh, Inc. v. United States, protest 219341–K (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

**No. 58061.**—S. A. Haram & Co., Inc., et al. v. United States, protests 219943–K, etc. (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of herring, prepared or preserved in any manner, packed in airtight containers weighing with their contents not more than 15 pounds each, without added oil or oil and other substances, the claim of the plaintiffs was sustained.

**No. 58062.**—Melchers, Inc., et al. v. United States, protests 163043–K, etc. (New York).

Opinion by Oliver, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.