under certain circumstances. Since none of the exceptions is applicable to the instant merchandise, and since it was released from customs custody and delivered to the plaintiff, no refund is permitted. *Khosrovschahi & Co.* v. *United States,* 39 C. C. P. A. (Customs) 40, C. A. D. 460; *Hudson Shipping Co., Inc.* v. *United States,* 18 Cust. Ct. 17, C. D. 1038.

For the reasons stated, we are constrained to overrule the protests. Judgment will be rendered accordingly.

**No. 58071.**—Fontana Hollywood Corp. *v.* United States, protests 161290–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiff was sustained.

**No. 58072.**—The Ambriola Co., Inc., et al. *v.* United States, protests 173393–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiffs was sustained.

MAY 3, 1954

**No. 58073.**—Schenley Import Corp. and Schenley Import Corp. (Trans.) *v.* United States, protests 212466–K and 212501–K. Plaintiffs' application for rehearing granted.

BEFORE THE FIRST DIVISION, MAY 13, 1954

**No. 58074.**—M. Zwiebel *v.* United States, protest 212228–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.