hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

The most recent expression by the United States Court of Customs and Patent Appeals involving the provisions of paragraph 1518, as amended, *supra*, was given in the case of *Coro, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 154, C. A. D. 478. In that case, the court, referring to the foregoing quotation from the *Cochran Co. et al.* case, *supra*, stated as follows:

We desire to draw particular attention to the latter portion of that quotation which determined that, even though the artificial articles possess the attributes and qualities set forth in the previous portion of the quotation, those articles must be such that they "* * * at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

Under the cited authorities, the articles in question are not within the class of merchandise contemplated by the provisions of paragraph 1518, as amended, *supra*. These metal pitcher holders are neither appropriate nor suitable for use for those purposes of ornamentation to which artificial stems and leaves may be devoted. What was stated in the *Coro, Inc.*, case, *supra*, can also be repeated here with the same force and effect: "It would tax the imagination to picture such articles as being artificial * * * [stems and leaves] in accordance with common understanding."

The articles in question, as shown by the record before us, are media for advertising, which, by design and actual use, exhibit or display in an attractive manner an "IMPORTED COPPER PITCHER ASSORTMENT—12 different shapes, 2″ high" (illustrative exhibit 1, *supra*), and, being composed of metal, unplated, they are properly dutiable at the rate of 22½ per centum ad valorem under said amended paragraph 397, as claimed by plaintiffs.

Counsel for defendant, in their brief, have cited several cases that arose under different tariff acts and involved various kinds of merchandise which were held to be classifiable under provisions substantially the same, if not identical, with those invoked by the collector herein. *Halle Bros. Co.* v. *United States*, 47 Treas. Dec. 948, Abstract 48790; *L. Bamberger & Co.* v. *United States*, 16 Ct. Cust. Appls. 512, T. D. 43238; *M. Pressner & Co. et al.* v. *United States*, 6 Cust. Ct. 55, C. D. 425; *Geo. S. Bush & Co., Inc.* v. *United States*, 5 Cust Ct. 347, Abstract 44492; *United States* v. *American Bead Co.*, 9 Ct. Cust. Appls. 193, T. D. 38044; *Bullocks, Inc.* v. *United States*, 13 Cust. Ct. 62, C. D. 870. In each of those cases, the conclusion was based on a record showing that the particular merchandise under consideration simulated natural flowers, leaves, or stems in physical characteristics and appearance sufficient to cause them in common understanding to be regarded as flowers, leaves, or stems, produced not by nature but by the hand of man. The same is not true, for reasons hereinabove set forth, with respect to the metal pitcher holders here under consideration. All of the said cases are, therefore, distinguishable from the present one.

The protests are sustained and judgment will be rendered accordingly.

**No. 58164.**—New York Merchandise Co., Inc. *v.* United States, protest 217548–K (Los Angeles).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

**No. 58165.**—Teigh, Inc., and M. Zwiebel *v.* United States, protests 221403–K and 215693–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiffs was sustained.

**No. 58166.**—S. A. Haram & Co., Inc. *v.* United States, protest 224064–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of herring similar in all material respects to that the subject of Abstract 57760, the claim of the plaintiff was sustained.

**No. 58167.**—Roth & Steiner, Inc. *v.* United States, protests 128653–K and 127959–K (Tampa).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of shell strands the same in all material respects as the articles involved in *Puerto Rican Handcrafts* v. *United States* (30 Cust. Ct. 18, C. D. 1493), the claim of the plaintiff was sustained.

**No. 58168.**—Paramount Import Co., Inc. *v.* United States, protest 197610–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of pendants the same in all material respects as the articles