In the case of *Corporacion Argentina de Productores de Carnes* v. *United States*, 29 C. C. P. A. (Customs) 288, C. A. D. 204, our appellate court laid down the following principles of law as guides to be followed in applying the similitude rule:

(A)   The similitude act applies only to nonenumerated articles. * * *

(B)   The similitude provisions of tariff acts take precedence over the nonenumerated provisions. "If an article is found not enumerated in the tariff laws, then the first inquiry is whether it 'bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated * * *.'"

(C)   The similitude provision does not require identity. "It must be borne in mind that the statute does not require identity; if that were necessary the statute would have no raison d'être."

(D)   The similitude clause does not require that the resemblance should be in all four of the particulars mentioned * * * a substantial similarity in one of those particulars being adequate.

From the foregoing legal guide, it is clear that the nonenumerated manufactured articles now under consideration should be classed under the similitude rule, rather than as nonenumerated, if the former rule is applicable; that, to be classified by similitude, it is sufficient to justify such classification, if similitude by use only is found; and that, in determining whether the goods are dutiable under the similitude rule, exact identity of use need not be shown.

In the case of *Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls. 203, T. D. 31946, combs made of "gallilith," "a product of sour milk," were held to be dutiable, by similitude of use, under paragraph 463 of the Tariff Act of 1909 as "Combs, composed wholly of horn, or composed of horn and metal." The court pointed out that "Combs manufactured from gallilith have, of course, the same identical use as combs made from any other material."

In *Vandiver* v. *United States*, 1 Ct. Cust. Appls. 194, 197, T. D. 31219, the appellate court, in upholding a classification of certain small cedar boxes as "smokers' articles," by similitude, stated that, in its opinion, the Board of General Appraisers was correct in its classification because the boxes involved "were smokers' articles, were suitable for use by smokers, and were imported to be generally sold for such purpose."

The appellate court in the *Vandiver* case, *supra*, sustained the finding of the board that "exclusive use is not the criterion; that is, * * * although an article is not used exclusively for the purpose for which it is imported, and, in fact, is sold to persons who may use it for other purposes, it is none the less *dutiable at the rate prescribed in the specific provision covering it in its general and commonly known use*." [Italics ours.]

There is nothing in the record before us to show that the cardboard boxes in which the imported containers are packed are anything other than the usual containers, nor does it appear that they have any independent value. It is clear therefore, that they are not separate tariff entities subject to duty. *United States* v. *American Railway Express Co.*, 11 Ct. Cust. Appls. 211, T. D. 38968.

We can find no authority and can find no reason for dealing with the imported merchandise for classification purposes other than from the use it serves when in the hands of the ultimate user. When so viewed, the classification as a leather traveling bag, by similitude, is justified.

Finally, the plaintiffs on the record in this case have not overcome the presumption of correctness attaching to the collector's classification which, under the law, was their responsibility.

The protest is, therefore, overruled and judgment will be entered accordingly.

**No. 59167.**—Frank P. Dow Co., Inc., a/c Sprouse-Reitz Co., Inc. *v.* United States, protest 228863–K (Portland, Oreg.).

414

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

**No. 59168.**—Allied Display Materials, Inc. *v.* United States, protest 238753–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

**No. 59169.**—North China Produce Corp. *v.* United States, protests 512232–G, 551040–G, and 577814–G (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 59170.**—Camera Specialty Co., Inc., and Rohner, Gehrig & Co., Inc. *v.* United States, protests 229984–K, 233653–K, and 236434–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the repairs on the photographic lenses were made in the Western Zone of Germany and that the issues are similar in all material respects to those the subject of *Camera Specialty Co., Inc.*, and *Rohner Gehrig & Co., Inc.* v. *United States* (34 Cust. Ct. 27, C. D. 1672), the claim of the plaintiffs was sustained.