(C.D. 2813)

GALLAGHER & ASCHER COMPANY v. UNITED STATES

United States Customs Court, First Division

(Decided November 2, 1966)

*Wallace & Schwartz* (*Earl R. Lidstrom, Joseph Schwartz,* and *Barnes Richardson & Colburn* of counsel) for the plaintiff.

*J. William Doolittle,* Acting Assistant Attorney General (*Richard J. Kaplan* and *Harvey A. Isaacs,* trial attorneys), for the defendant.

Before OLIVER, NICHOLS, and WATSON, Judges

OLIVER, Judge: When these cases were called, they were consolidate for purposes of trial (R. 2). Susequently, in its brief, plaintiff abandoned its claim under protest 63/3358 and it is, therefore, dismissed without further mention being made of the testimony or exhibit relating to it. Protest 62/17353 is limited to articles invoiced as "HG 14 B Fleur de Lis Light Strings, 36 clear shunted bulbs." These articles were classified by similitude to illuminating articles, in chief value of prisms, for use in connection with artificial illumination within paragraph 218(c) of the Tariff Act of 1930, as modified by T.D. 54108, at the rate of 25½ per centum ad valorem. Protest 63/5039 covers merchandise described as "crystal bead lights, 35 lights, Philips transparent wire clear bulbs—ART. HG 15," which was classified by similitude to articles in chief value of glass pursuant to the provisions of paragraph 218(f) of said act, as modified by T.D. 53865 and supplemented by T.D. 53877, at the rate of 30 per centum ad valorem. Protest 63/5045 relates to merchandise described on the invoices as reindeer light strings and assessed with duty by similitude to Christmas tree ornaments valued at $7.50 or more per gross under paragraph 218(f) of the act, as modified by T.D. 54108, at the rate of 25½ per centum ad valorem.

Plaintiff claims in each instance that the protested merchandise is properly classifiable by similitude to articles in chief value of metal having as an essential feature an electrical element or device, other, under paragraph 353 of the tariff act, as modified by T.D. 52739, at the rate of 13¾ per centum ad valorem.

The similitude provision relied upon by both sides in this dispute is set forth as follows:

Paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954:

> Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Upon the trial, plaintiff introduced the testimony of Samuel F. Kamin, comptroller of the Silvestri Art Manufacturing Co., the actual importer of the involved merchandise. He testified that as comptroller he directed the department charged with buying and selling the merchandise with which his company deals and that he is personally familiar with the light strings in issue. Samples of the fleur de-lis light strings in protest 62/17353 and the reindeer light strings in protest 63/5045 were received in evidence as plaintiff's exhibits 1 and 3, respectively. The fleur de-lis articles are composed of a string of 12 lighting units, each unit containing three small bulbs which are enclosed by a transparent plastic fleur de-lis shaped housing. The reindeer lights consist of a string of transparent plastic reindeer-shaped figures, each housing a small bulb. These lighting sets are complete with wiring, circuits, and plugs. It was stipulated that exhibits 1 and 3 are in chief value of plastic material.

Plaintiff further introduced into evidence, as exhibit 4, a sample of a Christmas light string also imported by the Silvestri Co. and identified as No. 23 GC. It consists of a string of 35 small bulbs, each enclosed in a flower petal design and it, too, contains wiring, circuits, and a plug. The parties stipulated that this item is in chief value of metal and that it has been and is being classified under the provisions of paragraph 353, at the rate of 13¾ per centum ad valorem, as a direct classification.

Proceeding on direct examination, the witness stated that, in the course of his duties with his firm, he has personally observed the use of plaintiff's exhibit 4 in 30 or more states of the United States and also in Canada over a period of approximately 10 years. On these occasions he has seen them used at Christmas time on Christmas trees, building copings, mantles, windows, and virtually every place imaginable. He further testified that, for approximately 5 years or since the time when his firm began importing them, he has observed the same

uses being made of plaintiff's exhibits 1 and 3 in all parts of the United States and Canada. With particular reference to the reindeer light strings in plaintiff's exhibit 3, it was Mr. Kamin's testimony that he had never seen or commercially handled a like item made from glass. It was his opinion that, because of the delicateness of the item, factors of breakage, and cost would prohibit its marketability in a glass composition.

On cross-examination, it was developed that exhibit 4 would be used more often to decorate Christmas trees than to decorate areas in or on the house, while exhibits 1 and 3 are primarily used to decorate houses both inside and outside.

However, on redirect examination, the witness stated that the use of exhibits 1 and 3 inside and outside of a home included use on Christmas trees as such.

Plaintiff argues that the premise of the collector's classifications in these cases is based upon a similitude in appearance rather than on the principal requirement for classification by similitude which is use. Defendant contends, however, that plaintiff has created the self-serving presumption that the collector's classifications were based upon nonelectrified prototypes whereas, in fact, the legal presumptions attending the collector's classifications presume the existence of electrified prototypes within the provisions under which duty was assessed. Furthermore, defendant maintains that the testimony offered by plaintiff's witness on the nonexistence of like glass articles is also insufficient to rebut the attending presumptions.

It seems clear that the evidence adduced at trial by plaintiff to establish the nonexistence of glass items, having similar uses as the imported articles, lacked sufficient probative force to overcome the presumptions raised by the collector's classifications. In the first place, the only evidence on this point was limited by its terms to merchandise like that contained in plaintiff's exhibit 3 (R. 21). In the second place, plaintiff's witness Kamin testified only with respect to the nonexistence of glass items of a like delicate design as the plastic reindeer figures in that exhibit. On this evidence there is no basis to conclude that glass articles of a more simple and hardier design are not proffered in commercial markets. Where there is no evidence as to the prototype article used by the collector, plaintiff's evidence must sufficiently negate the existence of any articles which may be enumerated within the provision under which assessment was made. *Salentine & Company, Inc.* v. *United States*, 46 Cust. Ct. 357, Abstract 65216.

However, while we agree that much of plaintiff's argument presumes the collector's use of nonelectrified prototypes for classification purposes, upon examination of the provisions under which exhibits 1 and 3 were classified, we find that presumption to be well based. Para-

graph 218 (c) is by its own terms limited to articles for use *in connection with* artificial illumination and has been consistently held to mean those items used "to pass, reflect, refract, disperse, color, or otherwise affect the light for either practical or ornamental illuminating purposes." *Solomon* v. *United States*, 13 Ct. Cust. Appls. 353, T.D. 41256; *Gold-Silver & Co.* v. *United States*, 36 Cust. Ct. 7, C.D. 1746. The imported merchandise in this case, represented in plaintiff's exhibit 1, contains, as an incorporated part thereof, the complete elements of artificial illumination as well as the prism-shaped elements that may pass or reflect the light. In the *Solomon* case, *supra*, the appellate court, in construing substantially the same language under the 1922 Tariff Act, specifically distinguished between electrified articles or those that generate light and ones which merely disperse or pass light by observing as follows:

> \* \* \* It is perfectly obvious from the language of the provisions that it was intended by Congress to include within the scope of the paragraph all illuminating articles used in connection with artificial illumination whether decorative or merely practical. The articles mentioned in the paragraph are not such as generate light; they but disperse the rays of light to give the desired illuminating effect. Therefore they are for use in *connection with* artificial illumination. [Emphasis quoted.]

It is apparent that the fleur de-lis lighting sets, as entire electrified units of artificial illumination, are more than simply illuminating articles and as such are without the scope of that provision.

Similarly, the *eo nomine* provision for "Christmas tree ornaments," carved out of paragraph 218 (f) by T.D. 51802 and T.D. 51898, does not appear to embrace, by its own terminology, electric lighting sets, as represented by plaintiff's exhibit 3. The term suggests any of a number of multicolored and decorated balls, bangles, and/or beads, ordinarily employed on a Christmas tree together with tinsel and lighting. Furthermore, in the Summaries of Tariff Information, 1948 edition, volume 2, part 2, page 38, the following description is given:

> Glass Christmas tree ornaments are generally thin, blown-glass articles produced in various shapes and colors. \* \* \* Shortly before World War II several domestic manufacturers began to produce these ornaments. One of them, a large glass manufacturer, began to produce these ornaments by mass-production methods at a rate of several hundred per minute on a continuous ribbon machine similar to that used to produce electric light bulbs. Ornaments produced by this machine, though restricted to standard shapes and colors of decoration, now represent most of United States production and consumption. The more decorative types of ornaments, representing a small part of the total consumption, are produced by hand methods by several small concerns in and around New York City.

In *Walco Bead Co., Inc.* v. *United States*, 29 Cust. Ct. 62, C.D. 1445, we had occasion to review a number of previous decisions involving glass Christmas tree ornaments, none of which affords the slightest ground for including electric-lighting sets within that terminology.

Defendant has argued, alternatively, that, if it be determined that the collector found the imported merchandise to be similar in use to nonelectrified articles, the validity and, therefore, presumption of correctness of the classifications would in no way be impaired by this fact alone. We are unable to agree with this statement. Whatever else may have been said on the subject of classification by similitude, it has been repeatedly recognized that to constitute similitude of use both the results and mode of operation must be substantially the same. *United States* v. *Wecolite Co.*, 45 CCPA 54, C.A.D. 672. It cannot be seriously doubted that lighting sets, such as those contained in plaintiff's exhibits 1 and 3, operate to produce decorative results in a manner substantially dissimilar to articles not possessing their own means of electrified illumination.

It is well recognized that the presumption of correctness attaching to the collector's action is limited to the specific classification made. *S. S. Kresge Co.* v. *United States*, 25 CCPA 1, T.D. 48975. In light of the foregoing, we find and hold the collector's classifications to be erroneous with respect to the fleur de-lis and reindeer light strings in protests 62/17353 and 63/5045, respectively. Where the collector's classification is found to be erroneous all legal presumption as to its correctness falls with the result that plaintiff's burden is then commensurate with a showing of a factual and legal situation to support its claim. *United States* v. *Magnus, Mabee & Reynard, Inc.*, 39 CCPA 1, C.A.D. 455. In the discharge of this burden, plaintiff offered testimony respecting similarity in use between exhibit 4, an article conceded to be enumerated within paragraph 353, and the imported merchandise, as represented in exhibits 1 and 3. This evidence establishes that all three types of light strings are used for decorative purposes at Christmas time on Christmas trees, mantles, copings, and windows. Defendant maintains that the testimony indicates that the exhibit 4 merchandise is primarily used to decorate trees while exhibit 1 merchandise and exhibit 3 merchandise have prime use in decorating parts of the house itself and, in that respect, it more closely resembles wreaths or garlands. However, in *United States* v. *N. Minami & Co., Inc.*, 29 CCPA 169, C.A.D. 188, Christmas wreaths having wiring, sockets, bulbs, and plugs, and used generally at Christmas time by being hung in the windows of homes for decorative purposes were held to be classifiable within the provision in paragraph 353 under which plaintiff claims. Moreover, in following that decision, this court has

held that parts of Christmas tree lighting sets are dutiable under the same provision in paragraph 353 since the lighting sets themselves would be so dutiable. *New York Merchandise Co., Inc.* v. *United States*, 8 Cust. Ct. 209, C.D. 607; *New York Merchandise Co., Inc.* v. *United States*, 16 Cust. Ct. 148, C.D. 1003. In comparing the lighting uses of the wreaths in the *Minami* case, *supra*, and the Christmas tree sets, the court in the first *New York Merchandise* case, *supra*, observed:

> * * * we are of the opinion that Christmas-tree lighting sets are articles having as an essential feature an electrical element or device such as signs, as were the Christmas wreaths in the last-cited case. It is a well-known fact that Christmas-tree lighting sets are not used like ordinary fixtures or lamps for illuminating the house, but are solely employed during the Christmas season to decorate Christmas trees both indoors and outdoors. They are more or less symbolical in character of the Christmas season and perform precisely the same function as did the Christmas wreaths involved in the last above-cited case.

Identity in use is not a requirement for classification by similitude. *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707. As stated previously, a showing of substantial similarity in the results of use and the manner of use is the test. *United States* v. *Wecolite Co.*, *supra*. The evidence in this record is sufficient to demonstrate that the results of the use of the imported fleur de-lis and reindeer lighting sets are substantially the same as the uses made of articles enumerated in paragraph 353, that is, the establishment of a Christmassy decor to items in and around the house as well as to parts of the household itself. Whether the imported merchandise is employed on Christmas trees or in windows or on the copings of houses, it is performing the same decorative function of known articles in paragraph 353 and, what is more, this function is performed in substantially the same manner, namely, by electrically illuminating the decoration and the area decorated.

Based on the foregoing, we sustain plaintiff's claims in protests 62/17353 and 63/5045 for the classification of the involved lighting sets under the provision in paragraph 353, as modified by T.D. 52739, and, by virtue of the similitude provision in paragraph 1559(a), as amended, as articles having as an essential feature an electrical element or device, wholly or in chief value of metal, other, and dutiable thereunder at the rate of 13¾ per centum ad valorem.

With respect to the invoiced crystal bead lighting sets in protest 63/5039, classified as articles in chief value of glass under paragraph 218(f), there has been a complete failure of probative evidence. There is no sample before the court and the testimony in the record does not allude to them. It is recognized that, while invoice statements or descriptions have some evidentiary value, they are insufficient by them-

selves to overcome the collector's action. *United States* v. *Hercules Antiques, The Danwill Company*, 44 CCPA 209, C.A.D. 662. This is especially true here where the element of use is involved in the classification. The claim in this protest, therefore, is overruled. Judgment in these cases will be rendered accordingly.