BEFORE THE FIRST DIVISION, APRIL 9, 1969

**No. P69/90.**—Florabelle Flowers, Inc. *v.* United States, protests 66/72535, etc. (New York).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers in chief value of plastic, assembled in the same manner as the plastic artificial flowers in *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiff was sustained.

**No. P69/91.**—International Expediters, Inc. *v.* United States, protests 63/5054–13333 and 62/17351–13155 (Chicago).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Christmas light strings similar in all material respects to those the subject of *Gallagher & Ascher Company* v. *United States* (57 Cust. Ct. 348, C.D. 2813), the claim of the plaintiff was sustained.

**No. P69/92.**—Canton-Son, Inc. *v.* United States, protests 66/23951, etc. (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of nodding head animals similar in all material respects to those the subject of *Wilson's Customs Clearance, Inc.* v. *United States* (59 Cust. Ct. 36, C.D. 3061), and that said merchandise is wholly or in chief value of papier mache, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 14, 1969

**No. P69/93.**—Pitney-Bowes, Inc., et al. *v.* United States, protests 67/55590, etc. (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of embossing machines similar in all material respects to those the subject of *Pitney-Bowes, Inc.* v. *United States* (59 Cust. Ct. 181, C.D. 3116), the claim of the plaintiffs was sustained.