(C.D. 4295)

F. B. VANDEGRIFT & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 12, 1971)

*Allerton deC. Tompkins* for the plaintiff.
*L. Patrick Gray III*, Assistant Attorney General (*Herbert P. Larsen* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO, FORD, and WATSON, Judges

WATSON, Judge: These protests consolidated for the purpose of trial, place in issue the classification of merchandise described as "Electric Christmas Garland", "Christmas Lighting Sets", imported from Hong Kong and Japan in 1964.[1]

The merchandise was classified pursuant to item 688.10 of the Tariff Schedules of the United States as "Christmas-tree lighting sets, with or without their bulbs, and wiring sets similar thereto," dutiable at the rate of 20% ad valorem. Plaintiff, having abandoned other claims, claims classification pursuant to item 688.15 of said tariff schedules as other "insulated (including enameled or anodized) electrical conductors * * * with fittings," dutiable at the rate of 17% ad valorem.

Exhibits 1 and 2 consist of representative samples of the importation while exhibits 3 and 4 were introduced in evidence in conjunction with the testimony of plaintiff's witnesses for the purpose of developing a distinction between Christmas-tree lights and the instant importations.

On the question of whether or not the instant importations are used as lights for Christmas trees, we incline to the view supported by the testimony of plaintiff's witnesses, that they are not so used. Their testimony warrants a finding that they are used for general decoration and festooning of offices and habitations during the Christmas season. We are further persuaded to this view by the bulk and weight of the importations, particularly exhibit 1, and the apparent unsuitability of these sets for suspension from the branches of a Christmas tree.

---

[1] We note that the entries herein were liquidated less than 60 days after appraisement. In this connection we follow the decision in *John V. Carr & Sons, Inc.* v. *United States*, 66 Cust. Ct. 316, C.D. 4209, 326 F. Supp. 973 (1971), holding that a liquidation, even within 30 days of appraisement, is valid in the absence of a duly filed appeal for reappraisement by either party.

Despite our finding that the importations are not chiefly used as Christmas-tree decorations, we nevertheless find that they are used as decorations of a similar nature and similar use. The question remains, therefore, whether or not they are of such a similar nature as to constitute wiring sets similar to Christmas-tree lighting sets and hence fall within the scope of item 688.10. Plaintiff, seeking to emphasize the dissimilarity of the importation to the articles commonly known as Christmas-tree lighting sets, stresses two principal points of dissimilarity. First, that the importations are not used in connection with trees and second that they are decorative by themselves without the need for illumination. In this respect plaintiff claims that the primary function of Christmas-tree lighting sets is to "give pretty light spots of decoration to a Christmas-tree when the lights are 'on', and to be comparatively inconspicuous (except for such things as ornamented bulbs) when the lights are 'off'."

After close study of the exhibits, the relevant case law and the testimony, we are unable to agree with plaintiff's contentions. Instead, we are led inescapably to the conclusion that the instant importations are indeed properly provided for as "wiring sets similar to Christmas-tree lighting sets." There is no dispute that the importations are in fact wiring sets. Their use for Christmas ornamentation and decoration rather than as Christmas-tree lighting sets seems to be precisely what is meant by "similar" in the phrase "wiring sets similar thereto." In point of fact if they *were* used as Christmas-tree lights, they would not be *similar* thereto but *identical* therewith. We have found no support for plaintiff's contention that Christmas-tree lighting sets are purely for illumination purposes and lack a pronounced decorative or ornamental purpose. In our opinion, both the samples of the importations and the samples of acknowledged Christmas-tree lights introduced in evidence as exhibits 3 and 4 are markedly similar in nature and use and possess both illuminating and decorative qualities, all entering into a finding of similarity.

Our view that the instant importations are similar to Christmas-tree lighting sets, is reinforced by a study of the legislative history of item 688.10. This study suggests that item 688.10 was intended to govern the classification of such lighting sets as would have been dutiable pursuant to paragraph 353 of the Tariff Act of 1930. At page 67 of the First Supplemental Report of the Tariff Classification Study, we find the following:

Item 688.10 – Christmas-tree and similar lighting sets: In rate of duty columns numbered 1 and 2, insert "20% ad val." for "13.75% ad val." and "50% ad val." for "35% ad val.", respectively.

Explanation: In a statement filed with the Ways and Means Committee, a respresentative of domestic producers claimed that

the rate of these sets in item 688.10 (13.75 percent ad valorem, derived from paragraph 353 of the Tariff Act of 1930) is the lowest existing rate applicable to such sets.

Additional facts obtained by the Commission show that increasing quantities of these imported sets are not in chief value of metal and are therefore dutiable elsewhere than in paragraph 353 and at rates which are generally higher than 13.75 percent. For example, some are dutiable as illuminating articles under paragraph 218(c) at the rate of 30 percent ad valorem and some are dutiable as ornamented articles under paragraph 218(f) at 25.5 percent ad valorem or 40 percent ad valorem, depending on the value of the ornaments. The rate of 20 percent ad valorem now proposed for item 688.10 is an estimated weighted average of the existing rates of duty on the products covered thereby, taking into account the above-mentioned circumstances.

We are of the opinion that this legislative history indicates that the provision for similar wiring sets was intended to control the classification of importations regardless of their composition and without regard as to whether they were predominantly ornamental or illuminating in nature.

We are further persuaded concerning the similarity of the importations to Christmas-tree lighting sets by the decision in *Gallagher & Ascher Company* v. *United States*, 57 Cust. Ct. 348, C.D. 2813 (1966). In that case the court was faced with the contention that an acknowledged tree lighting set was not the same as the merchandise in issue. The court discussed this contention as follows (57 Cust. Ct. at 353–354):

> * * * This evidence establishes that all three types of light strings are used for decorative purposes at Christmas time on Christmas trees, mantles, copings, and windows. Defendant maintains that the testimony indicates that the exhibit 4 merchandise is primarily used to decorate trees while exhibit 1 merchandise and exhibit 3 merchandise have prime use in decorating parts of the house itself and, in that respect, it more closely resembles wreaths, or garlands. However, in *United States* v. *N. Minami & Co., Inc.*, 29 CCPA 169, C.A.D. 188, Christmas wreaths having wiring, sockets, bulbs, and plugs, and used generally at Christmas time by being hung in the windows of homes for decorative purposes were held to be classifiable within the provision in paragraph 353 under which plaintiff claims. Moreover, in following that decision, this court has held that parts of Christmas tree lighting sets are dutiable under the same provision in paragraph 353 since the lighting sets themselves would be so dutiable. *New York Merchandise Co., Inc.* v. *United States*, 8 Cust. Ct. 209, C.D. 607; *New York Merchandise Co., Inc.* v. *United States*, 16 Cust. Ct. 148, C.D. 1003. In comparing the lighting uses of the wreaths in the *Minami* case, *supra*, and the Christmas tree sets, the court in the first *New York Merchandise* case, *supra*, observed:
>
> > * * * we are of the opinion that Christmas-tree lighting sets are articles having as an essential feature an electrical

element or device such as signs, as were the Christmas wreaths in the last-cited case. It is a well-known fact that Christmas-tree lighting sets are not used like ordinary fixtures or lamps for illuminating the house, but are solely employed during the Christmas season to decorate Christmas trees both indoors and outdoors. They are more or less symbolical in character of the Christmas season and perform precisely the same function as did the Christmas wreaths involved in the last above-cited case.

Identity in use is not requirement for classification by similitude. *S. S. Kresge Co. et al.* v. *United States*, 46 CCPA 100, C.A.D. 707. As stated previously, a showing of substantial similarity in the results of use and the manner of use is the test. *United States* v. *Wecolite Co., supra.* The evidence in this record is sufficient to demonstrate that the results of the use of the imported fleur de-lis and reindeer lighting sets are substantially the same as the uses made of articles enumerated in paragraph 353, that is, the establishment of a Christmassy decor to items in and around the house as well as to parts of the household itself. Whether the imported merchandise is employed on Christmas trees or in windows or on the copings of houses, it is performing the same decorative function of known articles in paragraph 353 and, what is more, this function is performed in substantially the same maner, namely, by electrically illuminating the decoration and the area decorated.

In sum, we find herein that the importations are lighting sets which provide ornamental illumination and hence are markedly similar to Christmas-tree lighting sets. This view is supported by an examination of the exhibits and confirmed by our opinion regarding the plain and common meaning of the provision for similar wiring sets.

Judgment will issue accordingly.